The delivery of a note by a legatee to a co-legatee, for moneys paid to the former out of the latter's legacy by the executor, with an order on the back of the note, signed by the maker, requesting the executor to pay the face of the note, with interest, to the payee therein on the final settlement of the estate, operates as an assignment of the former's interest in the estate, and makes it binding on the executor, with knowledge thereof, to pay the note, when due, to the payee, and to no one else.

2. EXECUTORS AND ADMINISTRATORS—JUDICIAL SETTLEMENT.

A decree of the surrogate, settling the accounts of an executor, at a time when there were no moneys on hand ready to be distributed, provided for the executor retaining moneys advanced by him to a legatee; but a co-legatee, who had been cited and appeared at the settlement, failed to present a note given by said legatee for moneys advanced to him out of said co-legatee's legacy by the executor (prior to the advances made by him), with an order on the back of the note, signed by the maker, requesting the executor to pay the face of the note, with interest, at the final settlement of the estate, and no mention was made of it in the order. The legatee's share was later found insufficient to pay both claims. Held, that since, under Code Civ.

Proc. § 2742, such decree is conclusive only as to the correctness of the items allowed to the accounting party, and under section 2743 the rights of assignees of legatees can only be ascertained and determined when an executor has money in his hands ready for distribution, the decree is not a bar to the co-legatee's claim under her note as presented at the final settlement of the estate, and hence the legacy must first be applied to the satisfaction of such note.

3. SAME—EXECUTOR AND TRUSTEE.

Where one was an executor and also a trustee under the will, acts done by him in settlement of his account as executor are not governed by Code Civ. Proc. § 2802 et seq., relating to accountings by testamentary trustees.

Proceedings on the final judicial settlement of the account of John B. Whitbeck, as sole surviving executor of and trustee under the last will and testament of David Whiting, deceased.

A. Frank B. Chace & Sons, for executor.

Frank H. Osborn, for legatees.

SANDERSON, S.　David Whiting died in March, 1872, leaving a last will and testament, which was admitted to probate by the surrogate of Greene county, April 10, 1872. Two of the executors named in the will, namely, Hiram Macy and John B. Whitbeck, qualified. The third executor, George Titus, failed to qualify. The testator left, him surviving, his widow, Anna Whiting, and seven children, viz. David T. Whiting, John F. Whiting, Addison E. Whiting, Anna Louisa Case, Armenia Whiting, Etta Whiting, and Ira C. Whiting. The will states that, certain real estate having been conveyed to Ira C. Whiting, no provision is made for him. Armenia Whiting married since the date of the will, and is known in this proceeding as Armenia Wakeman. A portion of the real estate is devised to the widow during her widowhood, or life and occupancy. The executors are directed to invest a sufficient sum of money to produce an income of $1,400 a year, and to pay the same to the widow during her life. The executors are also directed to sell all the real estate belonging to the testator, excepting that portion which was devised to the widow, as soon as conveniently could be done, after the testator's death. On the death of the widow, or her remarriage, or ceasing to occupy the premises, the real estate which had been devised to her was directed to be sold and converted into money. The will, therefore, makes an equitable conversion of the real estate into personal property. Subject to the above provision for the widow, all the property belonging to the testator is to be divided equally between the six children first above mentioned. Hiram Macy, one of the executors, died in May, 1884, and John B. Whitbeck has continued to act as sole surviving executor and trustee under the will. At the time of her father's death, Etta Whiting was a minor. While she was yet a minor, the executor John B. Whitbeck loaned $1,500 out of her share of her father's estate to her brother, David T. Whiting, who gave back his note which reads as follows:

"State of Illinois, Chicago, May 13, 1873.

"On demand, for value received, I promise to pay Etta Whiting, or order, $1,500, with interest from date at eight (8) per cent. per annum.

"David T. Whiting."

On the back of the note the following words are written:

"Chicago, May 13, 1873.

"Mr. J. B. Whitbeck: Please pay to the order of Etta Whiting fifteen hundred dollars, with interest at 8 per cent. from date, at the final settlement of the estate of David Whiting, deceased, unless sooner redeemed. The above order is to secure this note.                     David T. Whiting."

The following payments are indorsed on this note:

"Received on the within note June 1, 1875, $240; for two years' interest, August, 1876, $15, and September, 1876, $11; September, 1878, $2.75."

Mr. Whitbeck delivered this note, with the order indorsed on it, to Etta, and at the same time told her that he had let David T. have $1,500 out of her interest in her father's estate; that David T. had given his note as security; and that she would be paid at the final settlement of the estate without fear of any loss. From what appears in the evidence the words "final settlement of the estate" evidently refer to the settlement that would be made after the death of the testator's widow. This $1,500 was charged to Etta in the accounts of the executor filed in this court in 1885. The delivery of this note to Etta, with the order on Whitbeck, operated as an assignment pro tanto of David T. Whiting's interest in his father's estate; and the knowledge and notice which Whitbeck had of this note and order made it binding on him to pay the same, when due, to the payee, and to no one else. Brill v. Tuttle, 81 N. Y. 454; Lauer v. Dunn, 115 N. Y. 405, 409, 22 N. E. 270.

A judicial settlement of the account of the executor was had in 1885. Personal service of the citation to attend this accounting was made on all the legatees, including the executor of Hiram Macy, deceased. The executor appeared by counsel, and the legatees appeared by counsel. No personal appearance was made by Etta Whiting, nor was the note she held against David T. presented for payment in this proceeding. No information reached her counsel that she held such a note. At the time of this accounting Etta was of full age. On the 21st day of September, 1885, a decree was entered judicially settling the account of John B. Whitbeck and Hiram Macy, executors of and trustees under the will of David Whiting, deceased, and of John B. Whitbeck, as survivor of said executors and trustees. In the summary of the account included in decree, Whitbeck is charged with $102,022.92, and is credited with $106,388.42, leaving a balance of $4,365.50, due from the estate to Whitbeck. The estate of Hiram Macy is charged with $12,328.55, and is credited with $11,436.96, leaving a balance due the estate of Whiting of $891.59. The widow had been paid the full amount of the annuity due her, and each of the legatees had been paid $4,710, excepting John F. Whiting and Anna L. Case, to each of whom had been paid $4,610 "on account of their respective distributive shares in the estate of their father." A number of assets are mentioned in the decree as still in the hands of the executor, which had not yet been converted into money, and were not, therefore, ready for distribution. The balance due Whitbeck, as settled and allowed, amounting to $6,569.59, with interest, was charged upon the estate, and Whitbeck was directed to retain the

same out of the proceeds of the estate unadministered and undisposed of, when and as received. Then follows a provision which, as it brings up the principal question in dispute, is given in full:

"And it appearing that on the 15th day of June, 1873, at Chicago, in the state of Illinois, the said John B. Whitbeck advanced to the said David T. Whiting the sum of $2,000, upon his promissory note, dated on that day, at Chicago, aforesaid, for $2,000, payable five years from the date thereof, with interest thereon at the rate of 8 per cent., payable semiannually, secured by a transfer and pledge of his share and interest in the estate of David Whiting, deceased, and upon which there was paid May 28, 1875, the sum of $110, and July 12, 1877, the sum of $100; and that thereafter, and on the 1st day of February, 1876, the said executors and trustees, John B. Whitbeck and Hiram Macy, at Geneva, in the state of Wisconsin, out of the funds of the estate of the said David Whiting, deceased, advanced to said David T. Whiting a further sum of $1,750, upon his certain other promissory note in writing, dated on that day, at Geneva, aforesaid, for $1,750, payable on demand, with interest at the rate of 10 per cent. per annum, secured by a transfer and pledge of his remaining share and interest in said estate of David Whiting, deceased,—it is further ordered, adjudged, and decreed that the said several sums so advanced to said David T. Whiting as aforesaid, with interest on said sums, respectively, from the time of such advancements, respectively, at the rates respectively above stated, less the payments above mentioned as having been made on one of such advancements, be a charge upon the share and interest of the said David T. Whiting in the said estate of the said David Whiting, deceased, and that the said John B. Whitbeck be, and he is hereby, authorized to retain sufficient of such share and interest to pay the full amount, principal and interest, remaining unpaid upon the same and each of the same, and that, in case the said share and interest of the said David T. Whiting shall not be sufficient to pay both of the same, with interest as aforesaid, in full, then that he be, and is hereby, authorized and directed to apply the same thereto, in the order above stated, and in the order in which advancements were made as aforesaid, and that all sums applied to said note for $1,750 and the interest thereon be held and treated as part of the estate of said David Whiting, deceased, and disposed of by such executor as such."

There were no moneys on hand ready to be distributed at the time this decree was made, and no provision for distribution was made, except the provision for the executor, Whitbeck, to retain in his hands sufficient funds of the estate, and of the shares of the legatees to whom advancements had been made, over and above what had been received. In fact, there is nothing attempted to be done in the decree except the settlement of the executor's account. The widow of David Whiting died August 4, 1894, and the surviving executor now asks that his account as executor and trustee be settled, and a distribution made of the funds in his hands. In this proceeding Etta Whiting produces her note, and the order indorsed thereon, made by David T. Whiting, and asks that it be paid as a first lien on the share of David T.

The executor objects to her claim on the ground that the decree made in September, 1885, is conclusive as to his rights, and is a bar to recovery by Etta, at least as a prior claim to his. The executor, during the course of his administration, has paid, or substantially so, all that was found due him in the decree made in 1885, but no payment has been made on his advances to David T., for which he was secured by the notes of David T., and by an assignment of his share in his father's estate. All the funds belonging to the estate of David Whiting remaining to be distributed on this accounting, excepting a few hundred dollars, have been deposited in bank under a stipulation, and

are to be drawn out only on an order of this court. No payments have been made to any of the legatees since the last accounting, except to John F. Whiting, to whom has been paid $100. Presumably, at the time these notes were given, it was thought that the share of David T. in his father's estate would be sufficient to pay them all when the time arrived for distribution. It is now certain that the amount due on David T.'s share will be insufficient to pay either one of these notes, with the interest. The note to Etta, as well as the order indorsed on it, are prior in date to either of the advances made by the executors to David T. Being prior in time, they are also prior in right. The executors have knowledge of the order on them to pay to Etta out of David T.'s share the amount due to her on his note. They had, therefore, no right to make advances, either out of money belonging to the estate or out of their own funds, on David T.'s share, which could be a prior claim to hers on his interest in his father's estate. The only objection made to the payment of her claim on the distribution to be made on this accounting is that the decree made in 1885 is conclusive on her and a bar to her claim.

There are two adjudications made by a surrogate in the settlement of an estate. One is an adjudication on the settlement of the executors' or administrator's account. Another is on the distribution of the funds of the estate. The questions arising on these adjudications are different, and the force and effect of the decree, as it relates to the settlement of the executors' account, or as it relates to the distribution of the fund among those who are entitled to it, also differ. These adjudications may be made in separate decrees, or they may be made in the same decree. Johnson v. Richards, 3 Hun, 454, 457. The Code has also carefully preserved this distinction. Section 2472, subd. 3, gives surrogates jurisdiction to settle the accounts of executors, administrators, and testamentary trustees, and by subdivision 4 of the same section, "to enforce the payment of debts and legacies; the distribution of the estate of decedents." Section 2742 provides for the judicial settlement of the account of an executor or administrator, and states what is the force and effect of a decree upon such settlement. Section 2743 provides for a distribution of the estate to the persons who are entitled thereto according to their respective rights. The force and effect of such a decree is also stated. The decree made by the surrogate in 1885 was a judicial settlement of the accounts of the executors. It showed a large amount due to the executors by the estate, and that there was no money in the hands of the executors to pay this indebtedness. There was no money in the hands of the executors for distribution, and no provision was made in the decree for distribution among the legatees. The decree directs the surviving executor to retain in his hands any money that may come into his possession for the purpose of paying the balance found due him. This he could have done without such a provision in the decree. The decree also permits the executor to reimburse himself from David T.'s share for the amount he had advanced to him. This, also, the executor could have done without a decree, provided there was anything coming to David T. from the estate which he had a right to receive. The executor stood in David T.'s shoes. If David T. had nothing

coming to him out of the estate which he had a right to receive, the executor could not reimburse himself at the expense of a prior claim holder, of whose claim he had due notice. The question which arises on this accounting was not an issue in the former proceeding. No question as to the priority of the executors' advances over the assignment of David T.'s share to Etta was made before the surrogate at that time. Under these circumstances is the decree of 1885 a bar?

A decree settling an executor's account is conclusive only in regard to the facts specified in the statute. Section 2742, Code Civ. Proc., provides that a judicial settlement of an executor's account by a decree—

"Is conclusive evidence against all the parties who were duly cited or appeared, and all persons deriving title from any of them at any time, of the following facts, and no others: (1) That the items allowed to the accounting party, for money paid to creditors, legatees, and next of kin, for necessary expenses, and for his services are correct. (2) That the interest charged to the accounting party and embraced in his account is all for which he is legally accountable. (3) That the money charged to the accounting party as collected is all that was collectible, at the time of the settlement on the debts stated in the account. (4) That the allowances made to the accounting party for the decrease and the charges against him for the increase in the value of property were correctly made."

It is evident that the decree made in 1885 is not a bar to Etta's claim, unless it is embraced within the first subdivision of the above section. No objection was raised on the former accounting, and none is raised on this, to the correctness of the items allowed to the executor for the money paid to the legatees, including the advances to David T. The decree does not attempt to determine the amount of David T.'s share, nor what portion, if any, of his share belongs to others. The rights of assignees of legatees can only be ascertained and determined when an executor has money in his hands ready for distribution, as provided for in section 2743 of the Code. The life estate of the widow was outstanding in 1885, and there was no money in the hands of the executor. Therefore a decree for distribution could not then be made. The order on the executors to pay Etta out of David T.'s share would be due only on the settlement of the estate, of which order the executors had knowledge. The settlement made in 1885 was not such a settlement as was contemplated in the order. The decree did not determine what Etta's rights, if any, were in David T.'s share. It is very doubtful whether she had a right to have them determined at that time. The account of the executors was settled, and that is all that was determined by the decree. No form of words used in the decree can give it greater force and effect than that which the statute gives it. In Johnson v. Richards, supra, the court says:

"It is obvious that a decree on final settlement determines nothing beyond the amount received and paid out by the executor and (unless the two accounts balance each other) the balance in his hands belonging to the estate, or due to him from it."

There is no provision in section 2742 for the distribution of any portion of the estate, or for the determination of the rights of the respective parties as individuals between each other. Section 2743 is the only one that provides for the distribution of the funds of the

estate, and for the settlement of the rights of the parties, unless we except the general power given in section 2472. By section 2743, when an account is judicially settled, "and any part of the estate remains and is ready to be distributed to the creditors, legatees, next of kin, husband or wife of the decedent, or their assigns, the decree must direct the payment and distribution thereof to the persons so entitled according to their respective rights." This is the first and only accounting in which any of the funds of the estate have been ready to be distributed. How, then, can I forbid Etta, as assignee of David T., from coming in and asking that she be paid the share of David T. out of any portion of the estate which is now ready to be distributed? Under the strong light that section 2743 throws upon it, this question admits of only one answer. Her claim cannot be shut out. The decree of 1885 is not a bar.

My attention has been called to section 2812 of the Code of Civil Procedure. It is claimed that, on an accounting by a trustee, the rule is different from what it is on an accounting by an executor. But section 2811 makes section 2743 applicable to an accounting by a trustee. Besides, the account settled in 1885 principally relates to the account of the executor. All that portion of the decree, then made, which relates to the payments made to the legatees, including the advances to David T., is in settlement of the executor's account, with which the trustee as such has nothing to do.

It would be misleading to reason from an ordinary judgment in a court of record to that of a decree in a surrogate's court. Not all matters which could have been litigated upon an accounting, and settled in a surrogate's decree, are barred from being put in issue on a subsequent accounting. In Van Rensselaer v. Van Rensselaer, 113 N. Y. 207, 21 N. E. 75, the executor had had a judicial settlement of his account. Upon that accounting, against the objection of a legatee, the executor was allowed to exclude from his account the proceeds of farm sales, and the account was settled without regard thereto. No appeal was taken from the decree. Held, that the decree of the surrogate upon such settlement was no bar to an action to recover a legacy charged upon the proceeds of the sale of a farm. The same objection was urged in that case as is urged in this proceeding, namely, that the decree was conclusive upon the issues raised in the action. The court says (page 214, 113 N. Y., and page 77, 21 N. E.): "That decree has no effect upon what was not involved in the settlement." The Code of Civil Procedure (section 2742) provides "upon what facts the judicial settlement of an executor's account shall be conclusive and expressly excludes all others." Many matters which might have been included in an account are not, by reason of a decree, concluded from being brought in issue on a subsequent accounting.

The force and effect of a surrogate's decree made upon the judicial settlement of the account of an executor or administrator is well considered in Bank v. Hasbrouck, 2 Seld. 216. The facts of that case bear a close resemblance to those of the one in hand. The above case was decided while the provisions of the Revised Statutes in relation to the settlement of executors' and administrators' accounts were in force. But, for all the purposes of the question arising in this pro-

ceeding, there is no practical difference between the Revised Statutes and the Code of Civil Procedure. In the Bank Case the question was between the assignee of a creditor and the administrator; here it is between the assignee of a legatee and the executor. In both cases the executor and administrator claimed as individuals to be entitled to the fund. The bank was transferee of a note made by the testator. The administrators advertised for creditors to present claims. The payee mentioned in the note presented a claim for the note; the bank did not. The administrators had no knowledge that the bank was the owner of the note. In the case in hand, Whitbeck, one of the executors, had knowledge of the assignment to Etta. The administrators made partial payment on the note, and finally one of the administrators became the owner of the note. In this respect this case tallies with the one in hand, except that, when payments were made by Whitbeck to David T., he had knowledge of the assignment to Etta. After the expiration of 18 months the administrators of the deceased maker of the note had a judicial settlement of their account. The bank had legal notice of this proceeding. The payee of the note appeared in the proceeding, but the bank did not. The payee stated that the note had been mislaid, so that he could not produce it. In the final account the note was credited to the defendant, who was one of the administrators, and the decree directed that the creditors should be paid at the rate of 60 cents on the dollar. The defendant received the proportionate amount due on this note. The decree which was here made was made, not only for the settlement of the executors' accounts, but also for the distribution of the funds in the administrators' hands. In an action brought by the plaintiff to recover of the defendant the amount received by him on this note, it was held that the surrogate's decree was not a bar, and that the plaintiff was entitled to recover. It was claimed that the bank was negligent in not presenting its claim, pursuant to the notice to creditors; second, that the defendant had no knowledge that the bank was the owner of the note, and therefore the administrators had a right to make payments on the note; and, third, that the bank was concluded by the decree. So, here, it is claimed that Etta was negligent in not presenting her claim at the time of the former accounting; but, whether she was or not, the statute gives the surrogate the power to decide who are entitled to the fund in a decree for the distribution of the funds then on hand. It was said in the Bank Case that the fact that the payee did not present the note was a suspicious circumstance, and should have put the administrators on inquiry. Still stronger is the present case, for Whitbeck had actual knowledge of the assignment to Etta, and that, to the extent of her interest in David T.'s share, the latter had no right to assign his share. Any advancement therefore made by the executors would be at their individual risk.

In Sheldon v. Sheldon (Sup.) 11 N. Y. Supp. 477, the plaintiff held a claim against her husband's estate. In 1883 there was a judicial settlement of the executor's account, to which proceeding the plaintiff was a party. A decree for the distribution of the funds then in hand was made. No provision for the payment of the widow's

claim was made.    In an action subsequently brought by the widow for an accounting by the executor, it was held that the surrogate's decree was conclusive only so far as it went.    It did not prevent the widow from sharing in any future assets when ready for distribution. This case is sufficient authority to show that a claimant, though he has neglected to present his claim at one accounting, is not shut out from presenting it at another, and sharing in the assets of the estate then on hand and ready for distribution.

In Re White, 6 Dem. Sur. 375, it was held that:

"A decree judicially settling an executor's or administrator's account, which includes a bill for expenses of administration, shown to have been only partly paid, protects the accounting party as to that part only of the bill so paid, and leaves the question of the propriety of further payments on account thereof open for future settlement."

In Bowditch v. Ayrault, 138 N. Y. 222, 34 N. E. 514, it was held that, where trustees had had several accountings, and paid out money in pursuance of the decrees which had been made, but upon an erroneous theory as to who were entitled to take, the decrees which had been made were "conclusive upon all past transactions and payments covered by them.    They form no bar, however, to the proper decision of the question, now presented, as to the distribution of the property now in the hands of trustees."    So, in the present case, we see no sufficient reason why the decree made upon a former accounting, when all the facts of the case were not before the surrogate, should prevent a decree from being made on this accounting, as to the funds now in the hands of the executor and trustee, such as will be just and equitable.

The conclusion is that the decree made in 1885 is not a bar to Etta's claim.    Her right to be paid first out of David T.'s share depends upon the question whether she has a superior right to it.    It is conceded that her claim has priority in date, and the proof is that Whitbeck had knowledge of the assignment made to her, before either of the advances by him had been made to David T.    The direction is therefore given that she be paid first out of David T.'s share.

Decreed accordingly.