## DETERMINED IN THE

## FIRST DISTRICT ₀

### OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1912.

---

## Gamble=Robinson Commission Company, Plaintiff in Er= ror, v. Delaware, Lackawanna and Western Railroad Company, Defendant in Error.

### Gen. No. 16,201.

1. COMMON CARRIERS—*when laws of sister state govern contract of shipment.* If the contract of shipment is entered into in another state the laws of such state control its interpretation and effect.

2. INSTRUCTIONS—*when in effect directing verdict erroneous.* If an instruction eliminates from the jury material elements and practically directs a verdict for one of the parties it is ground for reversal.

3. INSTRUCTIONS—*when error not cured.* If an instruction erroneously ignores material elements it cannot be cured by a correct instruction contradictory thereof.

Error to the Municipal Court of Chicago; the HON. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed March 30, 1912.

ANDERSON & EATON, for plaintiff in error.

ADAMS & CANDEE, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

(319)

In an action brought by plaintiff in error against defendant in error in the Municipal Court to recover damages occasioned by the alleged negligence of defendant in error in transporting 220 barrels of cranberries from New York City to Minneapolis, Minnesota, a trial by jury resulted in a verdict in favor of defendant in error and a judgment against plaintiff in error for costs, to reverse which judgment this writ of error is prosecuted.

On February 1, 1907, defendant in error, at the request of Titus Brothers, doing business in New York City, furnished to them a refrigerator car, for the through shipment of the cranberries in question to' plaintiff in error at Minneapolis, Minnesota. The cranberries were packed in barrels which were loaded into the car, and the bill of lading and contract of shipment therefor contained the following conditions:

"No carrier or party in possession of all or any of the property herein described shall be liable for any loss thereof or damage thereto, by causes beyond its control; or by floods or by fire; or by quarantine; or by riots, strikes or stoppage of labor; or by leakage, breakage, chafing, loss in weight; changes in weather, heat, frost, wet or decay; or from any cause if it be necessary or is usual to carry such property upon open cars. Claims for loss or damage must be made in writing to the agent at the point of delivery promptly after arrival of the property. No carrier shall be liable for loss or damage not occurring on its own road or its portion of the through route."

The car was carried by defendant in error to East Buffalo, New York, where it was delivered to the N. Y. C. & St. L. R. R. Co., which carried it to Chicago and delivered it to the C. M. & St. P. Ry. Co. on February 4, 1907. The last named carrier placed the car in its roundhouse on the day of its delivery to it, and so held the car until February 8, 1907, when it left for Minneapolis, where it arrived at 12:50 P. M. on February 10, 1907. At 7 A. M. on February 11th the

CHICAGO—FIRST DISTRICT—MARCH, 1912.    321

Gamble-Robinson Com. Co. v. D., L. and W. R. Co., 169 Ill. App. 319.

car and the cranberries were inspected, and such inspection disclosed that three barrels of cranberries were frozen.  In the evening of February 11th the car was removed to the fruit house and thereafter most of the cranberries were found to have the appearance of being thawed out after freezing.

It is not claimed by the plaintiff in error that there was any unreasonable delay in transporting the car from the point of shipment to destination, but a right of recovery is predicated solely upon the alleged absence of proof by defendant in error that reasonable care was exercised by the carriers in seeing to it that the doors of the car were kept closed and that the car was properly housed upon its arrival at Minneapolis, in view of the prevailing weather conditions.

The contract of shipment was entered into in the State of New York, and the laws of that State must control as to its interpretation and effect.   Coats v. C. R. I. & P. Ry. Co., 239 Ill. 154.

By the law of the State of New York the acceptance by the shipper, on the delivery of goods for transportation to a carrier, of a receipt or bill of lading signed by the carrier expressing the terms and conditions under which they are received, and are to be carried, constitutes, in the absence of fraud or imposition, a contract controlling the rights of the parties.   Kirkland v. Dinsmore, 62 N. Y. 171; Germania Fire Ins. Co. v. The M. & C. R. R. Co., 72 N. Y. 90.

In Thyll v. N. Y. & L. B. R. R. Co., 92 App. Div. 513, it was held that the provision in a contract of carriage that the carrier should not be liable for loss or damage by changes in weather, heat, frost, wet or decay did not relieve the carrier from liability if the goods were thereby damaged through its negligence. The evidence discloses that the temperature at Minneapolis on February 10, 1907, was from 21 degrees to 35 degrees above zero; that on February 11th the temperature there was from 9 degrees to 21 degrees above

322        APPELLATE COURTS OF ILLINOIS.

Gamble-Robinson Com. Co. v. D., L. and W. R. Co., 169 Ill. App. 319.

zero; that the temperature there on February 12th was from 17 degrees to 40 degrees above zero; and that upon each of said days the minimum temperature was reached in the morning.

Whether or not the cranberries in question were frozen and damaged while the car was on the side track in Minneapolis from 12:50 p. m. on February 10th until the evening of February 11th when it was removed to the fruit house, and whether or not the carrier was negligent in permitting the car to remain on the side track for such length of time, were questions of fact to be determined by the jury under proper instructions.

The eighth and ninth instructions given at the instance of defendant in error wholly eliminate from the consideration of the jury the elements mentioned and practically direct a verdict for defendent in error, if the jury find that it exercised reasonable care with reference to the transportation of the cranberries in certain other particulars.

By the second instruction given at the request of defendant in error the jury were informed that all of the terms of the contract of shipment were binding upon plaintiff in error. One of the terms of said contract is that defendant in error should not be liable for loss or damage not occurring on its road or its portion of the through route. The contract in question relates to an interstate shipment.

Section 20 of the. Act relating to Interstate Commerce, as amended June 29, 1906, provides in part as follows:

"That any common carrier, railroad or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or any common carrier, railroad, or transportation company to

which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed: *Provided,* That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law.'' Fed. Stat. Ann. (Supp. 1909) 273.

True, the seventh instruction given at the instance of plaintiff in error states the law with reference to the liability of the initial carrier correctly, but it did not cure the error in the second instruction given at the request of defendant in error. The two instructions are in direct conflict.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*