In the Matter of the Estate of ABRAHAM STERNFELS, Deceased.

Surrogate's Court, New York County, January 22, 1929.

*Julian T. Abeles,* for the petitioner.

*Guillie B. Goldin,* for the National Surety Company.

O'BRIEN, S. This is an application by the administratrix of the decedent to vacate a transcript issued out of this court. The facts are as follows:

On March 30, 1927, a decree on accounting was filed which ordered the petitioner herein, among other things, to deliver to the general guardian of Leonard B. Sternfels Liberty bonds in the sum of $2,600. This decree was not complied with, and an application was subsequently made to punish her for contempt. In the course of the latter proceeding an order was entered on the 11th day of August, 1927, which provided that unless the decree on accounting be complied with by the administratrix within ten days, the appli-

cation to punish her for contempt would be granted. No further proceedings in the contempt application seem to have been taken. It appears, however, that the surety on the administratrix's bond paid to the general guardian of Leonard B. Sternfels the sum of $2,500, and took an assignment of the judgment to that extent. On the 8th day of June, 1928, there was issued from this office a transcript of the decree ordering the payment. By inadvertence this transcript refers to the original decree of March 28, 1927, which was filed on March 30, 1927, as having been resettled by the order entered in the contempt proceeding. Such is not the fact. The decree on accounting is a final decree (Surrogate's Court Act, § 80) and, never having been appealed from or modified in any respect, the transcript should have been issued on this decree alone. The surety having taken an assignment is subrogated to all the rights of the ward under the decree and to the extent of the amount paid by the surety. (*Rapp* v. *Masten*, 4 Redf. 76.) The surety company, therefore, was entitled to the issuance of a transcript. In view of the fact, however, that the transcript was erroneous in its recitals, this motion will be granted to the extent of permitting, by the order of this court, the correction of the transcript and the issuance of a new transcript *nunc pro tunc* in corrected form. In other respects the application is denied. Submit order on notice accordingly.