In the Matter of the Estate of MILES E. KNAPP, Deceased.

Surrogate's Court, Wayne County, October 8, 1931.

*John W. Brandt*, for the petitioner.

*Converse & Converse*, for the respondents.

*C. T. Ennis*, for the next of kin.

GILBERT, S. This is an application made by the executor of the will of Melissa B. Knapp, who was the executrix of the will of Miles E. Knapp, to vacate letters of administration with the will annexed on the estate of Miles E. Knapp granted to Frank H. Tuttle and Emma E. McMurray on September 9, 1930, the said Melissa B. Knapp being then recently deceased. The facts are briefly as follows:

Miles E. Knapp died on the 18th of October, 1907, leaving his last will and testament which was admitted to probate by this court on November 29, 1907, and letters testamentary thereon were issued out of this court to Melissa B. Knapp, his widow, the executrix in said will named. Decedent's will, after providing for the payment of debts, etc., bequeathed to his wife, the said Melissa, the use of all of decedent's estate, real and personal, during the term of her life. Said will contained no other provision for the disposition of decedent's property and closed with a clause appointing the widow, Melissa B. Knapp, executrix. The decedent left him surviving no child or children, no father or mother, no brother or sister, and no nephews or nieces. In the petition for probate certain persons were named as cousins of the decedent and as being his next of kin and were cited on the probate of the will.

In the month of February, 1908, a transfer tax proceeding on the estate of said decedent was held and a determination was made assessing a tax against the share in said estate found by the appraiser to pass to the widow and on the shares in the said estate found by the appraiser to pass to certain next of kin, the next of kin being the same persons mentioned in the petition for probate or the representatives of such of said persons as were not living at the time of the assessment.

On the 7th of June, 1909, a petition was filed by the executrix for the judicial settlement of her accounts. Schedule F of the account states the names of the next of kin, being the same persons named in the tax determination, and specifies the share of the estate to which each is entitled. A decree was made and entered on this accounting on June 21, 1909.

In October, 1923, one of the next of kin named in the former proceedings as a person interested in the estate, filed a petition for an intermediate accounting. On the return day of the citation

issued on this petition, the executrix petitioned for a voluntary settlement of her accounts and the two proceedings were consolidated. Citations were thereupon issued to all persons interested in the estate, the account was filed, a hearing was had and a decree was made and entered on March 17, 1924, settling and approving the account as filed. This account also specified certain persons as being the next of kin and entitled to a share of the estate, the persons named being the same persons originally named in the petition for probate or their representatives.

Melissa B. Knapp, the widow and executrix of decedent's will, died on July 31, 1930, leaving her last will and testament in and by which the petitioner in this proceeding was appointed executor. Said will has been admitted to probate and letters testamentary granted thereon to the petitioner in this proceeding. After the death of Melissa and prior to the probate of her will, the respondents petitioned this court for appointment as administrators c. t. a. of the estate of Miles E. Knapp and such proceedings were had that letters were granted respondents on September 9, 1930.

This proceeding is now brought by the executor of the will of Melissa B. Knapp to revoke the letters of administration c. t. a. on the estate of Miles E. Knapp granted to the respondents on the ground that neither the respondents, nor any of the other persons named in the several proceedings had in the estate of Miles E. Knapp, have any interest in or right to a share of the personal estate of the said Miles E. Knapp; that said Miles E. Knapp died intestate as to his real and personal property, excepting the life use thereof bequeathed to his widow, the said Melissa B. Knapp, and that, under the provisions of subdivision 3 of section 2732 of the Code of Civil Procedure, which was in effect at the death of Miles E. Knapp (now substantially subdivision 4 of section 83 of the Decedent Estate Law*), Melissa B. Knapp, the widow, became entitled to the whole personal estate left by the decedent; that the petitioner herein, as executor of Melissa B. Knapp's estate, is alone entitled to letters of administration c. t. a., if there be need for taking out such letters.

On the hearing held in the present proceeding, the surrogate having raised the question as to his authority to grant the relief asked for on the facts set out in the petition, the attorneys for the respective parties waived all questions of jurisdiction and consented that the determination of the question of who is entitled to the personal estate left by Miles E. Knapp should be decisive of this proceeding.

---

* See Laws of 1929, chap. 229, in effect Sept. 1, 1930.— [REP.

Miles E. Knapp, having made no disposition of his estate by the terms of his will, other than the life use thereof given to his widow, died intestate, except as to such life use. (*Matter of McLeod,* 32 Misc. 229.)

Having died in the year 1907, distribution of his personal estate was regulated by section 2732 of the Code of Civil Procedure then in force, subdivision 3 of which provided: " If the deceased leaves a widow, and no descendant, parent, brother or sister, nephew or niece, the widow shall be entitled to the whole surplus."

It is conceded by the respondents that Miles E. Knapp died intestate and that the above section of the Code of Civil Procedure, which is now embodied in section 83 of the Decedent Estate Law, would govern the disposition of his personal estate under ordinary conditions. It is their contention, however, that, in view of the steps taken and proceedings had by Melissa B. Knapp, the widow, and the executrix of the will of Miles E. Knapp, in the administration of his estate, one or more of three situations has developed:

*First.* That in instituting the transfer tax proceeding on the estate of Miles E. Knapp and procuring a determination and assessment of tax on the supposed shares of certain next of kin in said estate; by the judicial settlement of her account as executrix of the estate of Miles E. Knapp in 1909, Schedule K of which account stated the names of the next of kin and the supposed shares in the estate to which each was entitled; by filing her account in the intermediate accounting in 1924, which account also stated the names and supposed shares of certain next of kin in the estate; the matter is now *res adjudicata* and the named next of kin, or their representatives, are entitled to the shares in said estate specified in the said accounts and in the said transfer tax proceeding.

*Second.* That Melissa B. Knapp has waived her rights to the whole of the personal estate.

*Third.* That her estate is now estopped from claiming the whole of the personal estate.

These questions will be taken up and discussed in the order given.

*First. Res adjudicata.* It is apparent from the record of proceedings had in the Miles E. Knapp estate that Melissa, the widow, either was ignorant of her rights or that, for reasons best known to herself and not disclosed by the record, she did not care to exercise her rights. The first conclusion is not an unusual situation but the latter conclusion would indeed be refreshing and quite unique in this day and age. She was represented by counsel in all of the proceedings taken and there is not raised any question of fraud or collusion which prevented or influenced her in failing to exercise the rights to which she was clearly entitled.

In determining the issue of *res adjudicata* it is first necessary to ascertain what was adjudicated by the several decrees heretofore entered. It is urged by the respondents, and numerous cases are cited in their brief in support of this contention, that a decree on judicial settlement is conclusive on all parties cited or appearing on the settlement as to every matter included in the account. The first proceeding had by the executrix of Miles E. Knapp, after her appointment, was the transfer tax proceeding hereinbefore referred to, the determination in which was made in the month of February, 1908. This was a collateral proceeding and was not determinative of the rights of the respective parties as between themselves in the settlement of the estate. It concerned only the right of the State as against each individual against whom a tax was assessed and not the rights of the individuals as between themselves. (See *Matter of Goldenberg*, 187 App. Div. 692.) The surrogate acted in an administrative capacity.

The next proceeding taken was the proceeding for the judicial settlement of the account of Melissa B. Knapp, as executrix, held in the month of June, 1909. This was a voluntary proceeding instituted by her, and the heirs at law and next of kin of her husband, the decedent, were cited on this proceeding. The executrix filed her account and a decree of this court was entered settling the same as filed. At the time of this accounting, the proceedings relating to the same and the effect of a decree entered therein were governed by certain sections of the Code of Civil Procedure, the sections pertinent to this discussion being section 2729, which specifies the oath to be attached to the account; section 2742, which specifies as to what matters the decree settling the account shall be conclusive, and section 2743, relating to distribution.

Section 2742 of the Code of Civil Procedure, prior to the revision of 1914, provided in part that the final settlement of an account and the allowance thereof by the surrogate should be deemed conclusive evidence as against all persons upon whom citations had been served, that the charges made in such account for moneys paid were correct; that the executor had been charged all interest for moneys received and embraced in his account and for which he was legally accountable; that the moneys collected were all that were collectible at the time of the settlement of the account; and that the allowance in the account for decrease in value of assets and the charges therein for increase in value were correctly made; but of no other facts. Schedule F of the account filed by Melissa B. Knapp, as executrix, in the judicial settlement proceeding of 1909 set forth the names of the next of kin entitled to share in the estate of the decedent and stated the supposed share of each therein.

It is this schedule of the account, together with the decree of the surrogate which settled that account, upon which the respondents herein base a claim of *res adjudicata* so far as that proceeding is concerned. The decree of the surrogate entered upon this accounting follows the usual form in use in this court but makes no reference to the disposition of the funds shown to be on hand and does not determine or attempt to determine or direct the distribution thereof. The decree fixes the amount of commissions due the executrix, makes an allowance for counsel fees on the proceeding, allows a personal claim of the executrix against the estate and directs payment thereof, and ends, " after which payments and allowances there is in the hands of said executrix the sum of $25,306.91." The decree also contains the usual summary statement of charges and credits.

The next proceeding taken in the administration of the estate was the intermediate judicial settlement of the account of the executrix had in the month of March, 1924. This proceeding, as hereinbefore stated, was commenced by one of the heirs at law and next of kin of Miles E. Knapp and was later consolidated with a proceeding brought by the executrix for the same purpose. The account filed by the executrix in this proceeding also specified, in Schedule D, the respondents, with others, as being the next of kin and entitled to share in the estate. This proceeding was had after the revision of 1914, by which former section 2742 of the Code of Civil Procedure was repealed and a new section 2742 was enacted which is now, without change, section 274 of the Surrogate's Court Act and provides in part that a judicial settlement of the account of the executor, either by decree of the Surrogate's Court, or upon an appeal therefrom, is conclusive evidence against all parties of whom jurisdiction was obtained as to all matters embraced in the account and decree. It is upon the schedule contained in the account filed by the executrix in this proceeding of 1924 and the decree of the court settling the account that the respondents herein base their claim of *res adjudicata* so far as that proceeding is concerned.

The decree of the court, entered on the judicial settlement proceeding in 1924, established that the executrix had fully accounted for all moneys and property held by her as executrix and life tenant under the will of the decedent; that the money, funds and property were properly invested and not commingled; contained a summary statement showing a balance on hand of $25,248.16; settled and allowed the account as filed; ordered certain allowances on the proceeding and directed that the balance " be retained by the said Melissa B. Knapp for the uses and purposes set forth in the

Will of said Miles E. Knapp, deceased." There is no provision in this decree establishing the interest or share of any person in the residue of the estate then on hand, or determining or directing the distribution thereof.

Without citing judicial authority to support it, I am of the opinion that an account filed by the representative of an estate is intended to be a statement in detail of his proceedings in the administration; the moneys or other property he has received and the disposition made thereof; the steps he has taken to administer; the claims which have been made against the estate, and in general a financial statement which shows the condition of the estate. Other matters are included in an account and no set rule can be made which will govern all accounts. Heaton on Surrogates' Courts, fifth edition, volume 4, at page 37, gives a quite detailed statement of what accounts shall contain and the reasons therefor. Among other things, it is stated that the account should contain a statement of the ages of the legatees and next of kin so that the surrogate may pass upon the propriety of the payments made to them, or if not made, that he may direct distribution to them. It would appear, therefore, and logically, that the statements made in an account as to the legatees, next of kin or other persons entitled to a share of the estate is given only for the purpose of informing the surrogate of these interests, upon which information the surrogate may base a decree of distribution. In other words, the statement in an account filed by a representative of an estate that certain persons are entitled to a share of the estate is not a judicial determination of that fact and is binding on no one until such time as the surrogate has made a decree of distribution to such person or persons.

On the judicial settlement of an account, if the estate is not then ready for distribution, the decree of the court merely settles and determines the correctness of the figures presented and passes upon the actions and steps taken by the representative to that date or, if special matters affecting the rights of any parties are to be determined, notice is given to the interested parties and an adjudication is made which is set out in the decree, from which adjudication as contained in the decree, not from the account, an appeal may be taken. On the other hand, if distribution of the estate or any part thereof is to be made, the decree of the court not only settles the account of the representative but directs this distribution to be made. Distribution is made pursuant to the decree and not pursuant to the account and it is from the provisions of the decree that an appeal is taken. In *Johnson* v. *Richards* (3 Hun, 454), cited by petitioner, it is held that where there is an

accounting and distribution, two decrees are required, one which settles the account and the other which decrees distribution; that these two decrees need not necessarily be on separate paper but may be combined in one. This case is also cited in *Matter of Whitbeck* (22 Misc. 494), in which latter case the same principle was stated.

In neither of the judicial settlements which have been had in the administration of the estate of Miles E. Knapp has there been a decree of distribution nor has there been any determination of the rights of any person in the estate. If then the schedules contained in the two accounts as filed by the executrix in those proceedings which purport to name the persons having an interest in the estate of Miles E. Knapp and the extent of their interests are considered merely statements made for the information of the court, and the decrees entered on those proceedings do not specifically determine those interests, it cannot be held that the matter is *res adjudicata*.

The attorneys for the respondents have carefully and ably in their brief presented their argument and have cited numerous cases which they contend support the claim of their clients. Among others: *Hull* v. *Hull* (225 N. Y. 342); *Matter of Elting* (92 App. Div. 516); *Matter of Hood* (90 N. Y. 512); *Altman* v. *Hofeller* (152 id. 498); *Matter of Sternfels* (133 Misc. 565); *Matter of Was* (138 id. 521); *Joseph* v. *Herzig* (198 N. Y. 456).

I have examined all of these cases which hold that a decree on a judicial settlement is conclusive on all persons who were parties to the proceeding and is *res adjudicata* as to all matters contained in the decree. In each of these cases, however, it will be found that the decree had provided for distribution or the matter involved had been specifically covered by the decree, which is not the fact in the case at bar. Although all interested parties, including Melissa B. Knapp herself to the time of her death, have considered that the next of kin of Miles E. Knapp named in the petition for probate of his will were entitled to share in the personal estate of Miles E. Knapp, there has been no decree to that effect, and the matter is not *res adjudicata*.

*Second.* Estoppel. In the case of *Draper* v. *Oswego Co. Fire R. Association* (190 N. Y. 12) Chief Judge CULLEN in the opinion (at p. 16) writes: " The doctrine of equitable estoppel, or estoppel *in pais*, is that a party may be precluded by his acts and conduct from asserting a right to the detriment or prejudice of another party who, entitled to rely on such conduct has acted upon it." Applying this doctrine to the facts in the instant case, the respondents must claim that the act of Melissa B. Knapp in not asserting

her right to the whole of the personal estate left by her deceased husband has been detrimental or prejudical to those named in her two accounts as next of kin and entitled to a share in the estate of Miles E. Knapp. The will of the decedent gave to Melissa B. Knapp a life use so that the interest of any other party in the estate was suspended during her lifetime. These designated next of kin were not in a position to take into possession and enjoy their supposed shares. So far as the record shows, there has been no assignment or transfer by any of these parties of his supposed share, so that there are no intervening rights or equities. In what way can it then be said that the act or acts of Melissa B. Knapp have been detrimental or prejudicial to other parties and in what way has any other party relied or acted upon her conduct? I am of the opinion that the doctrine of estoppel does not apply.

*Third.* Waiver. A waiver has been defined to be the intentional relinquishment of a known right. (*Clark* v. *West*, 193 N. Y. 349.)

Can it be said that Melissa B. Knapp knew of her rights in her husband's estate and intended to relinquish the same? Nowhere in the record of proceedings in the Miles E. Knapp estate does it appear that Melissa B. Knapp knew of her rights; in fact, the steps taken by her in the administration would indicate that she was ignorant of her right. The situation is certainly peculiar and unusual, in view of the fact that she was represented by counsel, but, in the absence of some definite showing that she had knowledge of her right and voluntarily intended to relinquish it, I must hold that the schedules in her accounts neither establish her' knowledge nor her consent and that she did not with knowledge of her right voluntarily relinquish the same.

Under the Statute of Distribution as it existed at the time of the death of Miles E. Knapp (Section 2732 of the Code of Civil Procedure), upon his death leaving unbequeathed personal property and without leaving a descendant, parent, brother or sister, nephew or niece, his widow was entitled to the surplus after payment of debts, etc. His personal estate vested at that time in Melissa B. Knapp, his widow, and the subsequent proceedings taken by her in the administration of his estate did not effect a forfeiture of the same and these assets are now property of her estate.

The parties to this proceeding having consented that a decision as to who is entitled to take the personal estate of Miles E. Knapp, deceased, should be decisive of the matters presented by the petition herein, it follows that the prayer of the petition must be granted and a decree may be entered accordingly.