S. Samuel Di Falco, S.
In this accounting proceeding the petitioning trustee requests the court to construe the decedent’s will in order to determine the disposition of the trust remainder.
Decedent bequeathed his residuary estate in trust and directed the trustee to divide it into two parts: two thirds in trust for his wife, Mary E. Van Cleaf, and one third in trust for his son, John C. Van Cleaf. The will further provides:
"As to the two-thirds share set apart for my said wife, to pay the income therefrom to her during her life and upon her death to my said son John C. Van Cleaf, Jr. Upon the death of my said son, the principal of said fund shall be paid to the next of kin of my said son then surviving * * *
"As to the one-third share set apart for my said son to pay the income therefrom to my son until he becomes thirty years of age, when one-half the principal shall be paid to him and the income on the balance. Upon his death the balance of said principal shall be paid to his next of kin then surviving.”
Decedent’s son predeceased his mother and died intestate without issue on April 26, 1933. Pursuant to a decree of this court dated August 4, 1933 the principal of the trust of one third of the residuary estate for the benefit of the son was distributed to Mary E. Van Cleaf who was determined by the court to be the son’s next of kin. Mary E. Van Cleaf died on February 5, 1970.
The question for determination is whether the remainder of *856 the trust of two thirds of the residuary estate is to be paid to the son’s next of kin determined as of the date of the son’s death or as of the date of the widow’s death which marks the termination of the trust.
It is the petitioner’s belief that this issue was conclusively resolved by an amended order of this court dated June 19, 1933 fixing the New York State transfer tax. That order was made following the death of decedent’s son and adjusted the transfer tax by increasing the widow’s share of the estate apparently on the assumption that the remainder of the trust of two thirds of the residuary estate vested in the widow. It does not appear from the record that there was any controversy raised as to the vesting of this remainder interest. The court is of the opinion that this prior order in the transfer tax proceeding is not res judicata since the remainder interests were not represented therein (Matter of Knapp, 141 Misc 540; Matter of Clark, 98 NYS2d 684). The transfer tax proceeding was a collateral proceeding and did not determine the rights of the respective parties as between themselves and the settlement of the estate. It concerned only the right of the State as against each individual against whom a tax was assessed (Matter of Knapp, supra).
The court holds that the distribution of the remainder of the trust of two thirds of the residuary estate was limited to the next of kin of the son living at the termination of the trust. The decedent directed that this trust for the son was not to begin until the death of the wife. At the death of the son the trustee was directed to pay the remainder to the son’s next of kin then surviving. Payment was impossible while the trust for the wife was still in effect. The direction to pay at the death of the son was subject to the condition that the wife be then dead (New York Life Ins. & Trust Co. v Winthrop, 237 NY 93; Matter of Bostwick, 236 NY 242; Matter of Meek, 76 NYS2d 195). The will does not provide for a direct or immediate gift of the remainder to the son’s next of kin but directs that the principal shall be paid to the surviving next of kin. (Cf. Matter of Baer, 147 NY 348.)
The words "then surviving” clearly manifest the intent that the remaindermen are to be identified at the termination of the trust. The Restatement, Property (§ 251, p 1266) sums up the subject in this way: "In a limitation purporting to create a remainder or an executory interest, a description of the intended takers as persons 'who survive,’ or who are 'living,’ or *857 by other language of the same import, but which fails to designate the time to which such takers must survive, tends to establish the time of the termination of all preceding interests as the time to which survival is required”. (See, also, Matter of Gulbenkian, 9 NY2d 363, 369; Matter of Larkin, 9 NY2d 88, 93; Matter of Gautier, 3 NY2d 502, 508.)
If decedent had intended to give a vested remainder at the time of the son’s death he could have given it to the son’s next of kin and left out the words "then surviving”. Even here, however, futurity might be connoted requiring survivorship at the termination of the trust (Matter of Bowen, 72 Misc 2d 43, 45). A person has no next of kin until he dies and on that date his next of kin are determinable (see Matter of Terwilligar, 135 Misc 170, affd 230 App Div 763). The words "then surviving” therefore add nothing to the description of next of kin as such but do express an intent of futurity in the identification of that class. In order to give any effect to the words "then surviving” they must be taken to have reference to the persons surviving at the termination of the trust. Unless given that meaning, the words would be mere surplusage or meaningless. It is a familiar rule of construction that "words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant” (Matter of Buechner, 226 NY 440, 443).
It appears from a reading of the entire will that the decedent intended the remaindermen to survive the termination of the trust. The fact that the decedent employed the same words to describe the remaindermen of the trust of one third of the residuary estate and that the remainderman of that trust was the decedent’s widow does not compel a different construction. On the contrary, it is consistent with the construction reached herein that the remaindermen are determinable at the termination of the trust. Under the terms of that trust the income was payable to the son until he became 30 years of age, when one half of the principal was directed to be paid to him. Upon his death the balance of the principal was to "be paid to his next of kin then surviving”. While it is true that the remaindermen were to be determined at the date of the son’s death, his death also marked the termination of that trust.
The will is construed to require payment of the remainder of the trust of two thirds of the residuary estate to the next of *858 kin of John C. Van Cleaf, Jr., who survived Mary E. Van Cleaf.
Submit decree on notice accordingly.