In the Matter of the Accounting of the POUGHKEEPSIE TRUST COMPANY, as Substituted Trustee under the Will of MARY E. ELTING, Deceased.

MATTIE L. HASBROUCK, as Administratrix of the Estate of JOHN J. HASBROUCK, Deceased, et al., Appellants; FRANK JACKSON et al., Respondents.

Third Department, June 3, 1944.

*John F. Wadlin,* attorney for appellants Mattie L. Hasbrouck and others.

*Frank V. Mylod,* attorney for respondent Poughkeepsie Trust Company.

*Wiswall, Walton, Wood & MacAffer,* attorneys for respondents Frank Jackson and others.

BREWSTER, J. Appeal by Mattie L. Hasbrouck, administratrix of John J. Hasbrouck, deceased, and others from that part of the decree of the Surrogate's Court of Ulster County, entered in the office of said Surrogate's Court on July 21, 1943, which construed and adjudged the " Fifth " paragraph of the will of Mary Eleanor Elting, deceased, as creating future contingent estates in the corpus of the trust therein established. By said paragraph of her will, the testatrix established a trust fund, part of the income from which she made payable to her husband for life and the balance to her son, Clarence J. Elting, for life. There was a provision that if the son survived the husband, the whole income was made so payable to him, but that if he did not, then the trustee should accumulate the said balance of the income and hold it in trust " for any child or children my said son may have, but if he die without surviving issue before my said husband," the trustee was directed to accumulate the balance of said income until the death of the husband. The disposition of the corpus of the trust was then provided for as follows: " Upon the death of the survivor of the two beneficiaries named in this trust, this trust is to cease and the principal sum is to go to the child or children of my son Clarence if he leaves any surviving him; and if not, then to the children of my nephew Abraham E. Hasbrouck and the children of my niece Mary E. Jackson as their own absolutely, share and share alike." The testatrix died on August 11, 1904, and her husband on March 6, 1909. No child was born to her son and he died on May 28, 1942, without issue. Upon the death of the testatrix three children of her said nephew Abraham E. Hasbrouck survived, viz.: John J., Warren and Webster Hasbrouck; and also three children of her said niece Mary E. Jackson, viz.: Frank, Edith and Eugene Jackson. All of said Hasbrouck children predeceased Clarence J. Elting and all of the said Jackson children survived him. The court below adjudicated the gifts of the corpus of the trust funds to the children of the nephew and niece as creating contingent future estates or contingent remainders, and that therefore they did not vest until

the happening of an event, which was uncertain at the death of the testatrix, viz.: the death of her son Clarence with or without issue him surviving; and that upon the death of the latter the corpus of the trust vested in the then living three Jackson children to the exclusion of the legal representatives of the three deceased Hasbrouck children. In this we think the learned Surrogate was in error and we hold that title to the corpus of said trust estate vested in the six children of the niece and nephew of the testatrix upon her death subject only to being divested by the death of the son of the testatrix with issue him surviving and to modification by being opened to let in to share after-born children of said niece or said nephew; that none of such contingencies having occurred the remainders which so vested were never divested and that accordingly the legal representatives of the three Hasbrouck children who survived the testatrix but who predeceased the last life beneficiary, Clarence, are entitled to share in the distribution of the corpus of the estate equally with the three surviving Jackson children. (Real Property Law, § 40; *Moore* v. *Littel,* 41 N. Y. 66; *Stringer* v. *Young,* 191 N. Y. 157; *Matter of Chalmers,* 238 App. Div. 672; affd. 264 N. Y. 239; *Matter of Schaefer,* 160 Misc. 43.)

All concur.

Decree insofar as appealed from reversed on the law and distribution of the trust remainder to the three living children of Mary E. Jackson and the legal representatives of the estates of the three deceased children of Abraham E. Hasbrouck directed, with costs to all parties filing briefs payable out of the estate.