In the Matter of the Accounting of CITY NATIONAL BANK OF BINGHAMTON, as Executor and Trustee under the Will of MARY R. HYDE, Deceased. JANE W. DOWD, Appellant; RALPH C. PAGE, as Administrator of the Estate of FREDERICK O. R. NANSEN, Deceased, et al., Respondents; RALPH C. PAGE, as Administrator of the Estate of ESTHER W. NANSEN, Deceased, Intervener, Respondent. — Appeal from a decree of the Surrogate's Court, Broome County. The testatrix Mary Rebecca Hyde in her will created a trust for the benefit of her sister Jane Brewster Hyde during her lifetime and stated that " Upon the death of my said beloved sister Jane Brewster Hyde, I give, devise and bequeath unto the following persons, the following amounts, to wit: * * * D. All the rest, residue and remainder of my estate I give, devise and bequeath equally among the following legatees, share and share alike * * * George P. Wadsworth, of Binghamton, N. Y. * * * Should said * * * George P. Wadsworth * * * die prior to the death of my said sister, Jane Brewster Hyde, I give, devise and bequeath the share which would otherwise vest in such legatee unto the heirs at law of such deceased legatee." George

P. Wadsworth died July 16, 1936, about a year and a half before the testatrix who died December 24, 1937. At the time of Mr. Wadsworth's death he was survived by two daughters, Esther W. Nansen and Jane W. Dowd, who were both alive and were his "heirs at law" on December 24, 1937, when the testatrix died. Esther W. Nansen, however, died on July 10, 1941, before the life tenant's death on September 4, 1951. The Surrogate held that the share of the residue given to George P. Wadsworth or his heirs at law vested equally in his two daughters at the time of the death of the testatrix, Mr. Wadsworth being then dead; and that the representative of the estate of Esther W. Nansen was entitled to an equal share of the bequest with the sister Jane W. Dowd who survived the life tenant. We hold that the Surrogate was correct in ruling that the residue vested at the time of the death of the testatrix in those heirs of Mr. Wadsworth then alive; and that the vesting was not postponed until the death of the life tenant. (See *Matter of Elting*, 268 App. Div. 74, affd. 294 N. Y. 941.) Decree unanimously affirmed, with costs and disbursements in this court to each party filing a brief payable from the estate. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.