In the Matter of the Construction of the Will of ASHER B. HALLOCK, Deceased. FRED A. GILOTH, as Executor of FLORENCE Y. GILOTH, Deceased, Appellant; FRANK D. HALLOCK, Respondent.— Appeal by petitioner from a decree of the Surrogate's Court, Suffolk County, which construed the provisions of the will of Asher B. Hallock and in effect held that petitioner's wife, nee Florence Young, had at the date of the death of Asher B. Hallock no vested right to the payment of $1,000, directed to be made to her by paragraph " Seventh " of the will of said testator. Decree reversed on the law, with costs to appellant, payable out of the estate, and the will construed as providing for the vesting of title in Florence Young to the $1,000 upon the death of Asher B. Hallock and postponing payment thereof until the death of his wife, the beneficiary of the trust established by the will, and proceeding remitted to the Surrogate's Court for the determination of allowances, costs and interest, and entry of decree. Obviously, the scrivener of the will knew how to provide for survivorship of legatees beyond the date of the death of testator's widow. In the seventh paragraph of the will he had done so insofar as the four persons were concerned who, or the survivors of whom, were to take the entire residuary estate, after payment out of it to Florence Young of $1,000 and to a cemetery of $300. The omission of similar language in the same provision with reference to the direction to pay the $1,000 indicates an intention that the right to the $1,000 was to vest on the testator's death. Payment only was to be in the future. Florence Young was not one of a class whose members could not be determined as of the date of death. No condition was attached to the direction to pay her as was the case in *Wright* v. *Wright* (225 N. Y. 329), relied upon by respondent. (Cf. *Matter of Lamb,* 182 App. Div. 180, affd. 224 N. Y. 577; *United States Trust Co.* v. *Taylor,* 193 App. Div. 153, 159, affd. 232 N. Y. 609; *Matter of Soy,* 143 Misc. 217, and *Matter of Wylde,* 129 N. Y. S. 2d 712.) This testator obviously intended to dispose finally of all the residuary estate by the provisions of the seventh paragraph of his will. The survivorship provision as to the other four persons named in that paragraph evinces no intent that the survivor of those four should take the $1,000 in any event. If the right to it did not vest in Florence Young prior to the death of the life beneficiary, that sum, which was part of the residuary, would have to be distributed as in the case of intestacy. (*Matter of Hoffman,* 201 N. Y. 247, 254.) Construction which avoids intestacy and accomplishes vesting is favored. (*Matter of Watson,* 262 N. Y. 284, 300.) This testator postponed payment of the $1,000 to let in the trust estate. Assuming that there is any vigor left in the " divide and pay over " rule so far as it negates vesting at the death of testator of a bequest having no words of present gift (cf. *Matter of Chaim,* 168 Misc. 923, 929; 3 Walsh, Commentaries on the Law of Real Property, § 316, p. 247, and Gluck, " The 'Divide and Pay Over '

Rule in New York", 24 Col. L. Rev. 8), there is here one of the exceptions to the applicability of the rule — the postponement of payment to let in an intermediate estate. Nolan, P. J., Adel, MacCrate, Beldock and Murphy, JJ., concur.