In the Matter of the Accounting of the FIRST NATIONAL BANK OF ITHACA, as Successor Trustee under the Will of ALMIRA J. SWEAZEY, Deceased. HELEN G. WAGER, Appellant; JANE Moss et al., Respondents.

Third Department, July 10, 1956.

*Louis K. Thaler* and *Manley H. Thaler* for appellant.

*Allan H. Treman* for Jane Moss and another, respondents.

*William J. Gordon* and *James A. Haynes, Jr.,* for Mina Brashear, respondent.

*Edward W. King* for Clarence C. Brashear, respondent.

*Allen H. Treman* and *James J. Clynes, Jr.,* for Lura E. Purcell, respondent.

HALPERN, J. Upon this appeal, we have before us another case involving the question of whether a requirement of survival to the time of distribution should be implied in the gift of a future interest — a question which has been a prolific source of litigation.

Almira J. Sweazey, the testratrix, died on March 13, 1912 leaving a will dated February 19, 1905. At the time she drew the will, the testatrix had two daughters, one Carrie Belle Sweazey, who was 40 years of age and unmarried, and the other, Frances J. Brashear, who was 47 years of age and who was married and had several children. Both daughters survived the testatrix.

Under her will, the testatrix set up two trusts for the benefit of her daughter Carrie for her lifetime, one a trust of certain real property and the other a trust of a bank account. As to the real property trust, the will provided: " Upon the death of my daughter, Carrie Belle Sweazey, I give and bequeath absolutely and in fee simple, all the property the life use of which is given in trust for Carrie Belle Sweazey, to be divided share and share

or personal representatives of the estates of the six children alike among her children; or in the event of failure of living issue, I direct that the said property be divided, share and share alike, among the children of my daughter Frances J. Brashear.''

As to the trust of the bank account, the will provided that, upon the death of Carrie, it was '' to be divided equally among her children, if any. In case of the death of my daughter, Carrie Belle Sweazey, without issue, I direct the funds in this paragraph referred to go to my daughter, Frances J. Brashear, for life, and at her death to be equally divided among her children ''.

Carrie Belle Sweazey died on June 18, 1953 without issue. In the meantime, Frances J. Brashear had died; she had had eight children, only two of whom were living at the time of the death of Carrie Sweazey in 1953. Six had died, some leaving issue, others leaving only surviving spouses, and one leaving no issue or spouse but leaving a will bequeathing his estate to designated legatees.

The question presented is whether the distributees, legatees of Frances who predeceased the life beneficiary share in the remainders or whether the remainders go solely to the two children of Frances who survived the life beneficiary.

The Surrogate held, upon the authority of *Matter of Elting* (268 App. Div. 74, affd. 294 N. Y. 941), that the estates of the deceased children of Frances were entitled to share in the remainders together with the surviving children. We think that this construction of the will was correct. At the time of the death of the testratrix, there were eight children of Frances in being. There were no children of Carrie. In this situation, the *Elting* case is controlling and, under the doctrine of that case, the remainders vested in the children of Frances, then in being, subject only to two possibilities: (1) Frances might have more children, in which case the share of each of the children living at the time of the testratrix' death would be reduced proportionately; (2) Carrie might possibly marry and have issue who would survive her, in which case the estate of Frances' children would be divested and the estate would vest in Carrie's issue. Neither of these contingencies occurred. Therefore, the remainders which had vested in the children of Frances were never divested and the estates of the deceased children of Frances were entitled to share in the distribution of the remainders.

The appellant argues that the gift to the children of Frances was subject to the additional requirement that they survive

Carrie but there is nothing in the applicable principles of law or in the terms of the will to warrant the imposition of that additional requirement.

As this court said in the *Elting* case (*supra,* p. 76) in discussing a situation virtually identical with the one here presented: " we hold that title to the corpus of said trust estate vested in the six children of the niece and nephew of the testatrix upon her death subject only to being divested by the death of the son of the testatrix with issue him surviving and to modification by being opened to let in to share after-born children of said niece or said nephew; that none of such contingencies having occurred the remainders which so vested were never divested and that accordingly the legal representatives of the three Hasbrouck children who survived the testatrix but who predeceased the last life beneficiary, Clarence, are entitled to share in the distribution of the corpus of the estate equally with the three surviving Jackson children ".

As appears from the foregoing quotation from the *Elting* case, the court in that case analyzed the problem in terms of a vesting of the remainder in the children of the niece and nephew, subject to the possibility of partial or complete divesting, and we have followed the lead of that case in analyzing the problem before us in a similar manner. This analysis is supported by the strong constructional preference of the common law for the vesting of estates, even though the only vesting which may be possible under the circumstances is of a defeasible type (5 American Law of Property, § 21.31, p. 176; cf. *Matter of Ross,* 281 App. Div. 470, affd. 308 N. Y. 724; *Matter of Krooss,* 302 N. Y. 424).

However, the result in this case does not depend upon our finding that the remainder had vested subject to divesting. The result would be the same even if the provisions of the will were analyzed as creating alternative contingent remainders, first, to the issue of Carrie, if any survived her, and, if not, then to the children of Frances. (3 Powell on Real Property, § 350, pp. 75–79; Restatement, Property, § 278.) The gift over of the remainder to the children of Frances would still not be subject to a condition requiring them to survive Carrie. It would be subject to the condition precedent that Carrie die without issue her surviving and in that sense it would be a contingent remainder but a contingent remainder, under the present law, is fully alienable, and in the event of the death of one of the remaindermen prior to the time of distribution, his interest passes to his estate. It is therefore immaterial, for the purpose of deciding the question here presented, whether we say that the interest of

the children of Frances was vested, subject to divesting if Carrie left issue her surviving, or whether we say that the interest was subject to a condition precedent that there be no issue of Carrie surviving on her death (5 American Law of Property, § 21.7, p. 139). However it be stated, the fact remains that the gift to the children of Frances was subject only to the condition or contingency that there be no issue of Carrie surviving at the time of her death. Apart from that, their interest was indefeasible, excepting only as it might theoretically have been reduced in extent by the birth of more children of Frances. The mere fact that the gift of a remainder is subject to a specified condition precedent or divesting contingency does not give rise to an inference that the gift is also subject to a requirement of survival. (Restatement, Property, § 261; 2 Powell on Real Property, § 334, p. 745; Sparks on Future Interests, 29 N. Y. U. L. Rev. 1630, 1631–1632; cf. *Matter of Krooss,* 302 N. Y. 424, *supra; Matter of Campbell,* 307 N. Y. 29.)

Neither does the fact that the gift of the remainder was a gift to a class rather than to persons identified by name justify the implication of a requirement of survival to the time of distribution. It is true that a class gift, by definition, is a gift to " a group capable of future change in number " (Restatement, Property, § 279) and that, in the case of a class gift of a future interest, the class may remain open to admit additional members until the time of distribution (Restatement, Property, § 295) but " From the fact that a class can increase in membership until a certain future date, no inference should be made that only such members of the class as survive to such future date become distributees " (Restatement, Property, § 296, subd. [2], and see comment *j*). A distinction must constantly be kept in mind between the question of the admission of new members to the class and the question of the elimination of pre-existing members; these are two entirely separate aspects of class gifts (3 Powell on Real Property, § 365, pp. 166–167). A class gift to the children of a living person is subject to " open and let " to admit additional children, up to the time of distribution; but a child, who has once become a member of the class, is not eliminated from membership by reason of his failure to survive to the time of distribution, unless there is an express provision to that effect in the will or unless there is some basis in the context of the will for implying such a provision (*Matter of Elting,* 268 App. Div. 74, affd. 294 N. Y. 941, *supra; Matter of Bigelow,* 285 App. Div. 1072, affd. 309 N. Y. 884; *Matter of Chalmers,* 238 App. Div. 672, affd. 264 N. Y. 239; *Matter of Brown,* 154 N. Y. 313; *Matter of Watson,* 201 Misc. 193, affd. 279

App. Div. 840; Restatement, Property, § 296; 5 American Law of Property, § 21.11, p. 143).

The context of the will before us is against the implication of a requirement of survival. It is to be noted that the initial gift of the corpus of the real property trust to the children of Carrie, if any, is expressly made subject to defeasance in the event of their failure to survive her. The testatrix thus had the requirement of survival specifically before her in considering the disposition of the property but she elected not to impose that requirement in the gift over to the children of Frances (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573, 581; cf. *Healy* v. *Empire Trust Co.,* 276 App. Div. 305, 308, affd. 301 N. Y. 620).

Not only is there no express requirement of survival in the gift over to the children of Frances, but there is no provision for a further gift over in the event that they should all die before the life beneficiary. If the testatrix had intended to impose a requirement of survival, she would have provided for such a gift over. The failure to so provide militates against the reading of a requirement of survival into the gift to the children of Frances. After all, the series of substitutions has to end at some point; it is to be presumed that the testatrix intended that the donees under the last of the gifts specified by her should take, without any further requirement of survival (*Fulton Trust Co.* v. *Phillips, supra;* 5 American Law of Property, § 21.22).

Finally, the appellants invoke the oft-cited but rarely followed " divide-and-pay-over " rule. Under that rule, if the only words of gift are in the form of a direction to the trustee or executor to divide and pay over the corpus at some future time, that fact tends to support the implication of a requirement of the survival of the donees to the time of distribution. The rule has been condemned by all the leading scholars in the field and it has been explicitly rejected by the American Law Institute (Restatement, Property, § 260; 2 Powell on Real Property, § 333; 2 Simes on Future Interests, §§ 361, 394; 3 Walsh on Commentaries on Real Property, § 316). The rule has been criticised upon the ground that it makes the determination of the testator's intention turn upon immaterial differences of phraseology and the hope has been expressed " that the rule will be repudiated by modern courts, since it furnishes no satisfactory basis for the determination of the intention of transferors " .(5 American Law of Property, § 21.21, p. 162). Furthermore, the rule has been so riddled with exceptions, that it can fairly be said that the exceptions have eaten up the rule.

In fact, the writers of an authoritative text last cited have expressed the view that "the rule has become no more than a make-weight argument which is employed to bolster decisions previously arrived at on some other ground" (p. 161).

In any event, even if the "divide-and-pay-over" rule still has some significance in this State, its application is not justified in this case (cf. *Matter of Hallock,* 283 App. Div. 1091, appeal dismissed 308 N. Y. 299). The rule is, after all, only "a canon of construction rather than a rule of property" (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573, 583, *supra*). Here, the provisions of the will, read as a whole in the light of the circumstances at the time of its execution, negative the implication of a requirement of survival. Furthermore, the language of the gift to the children of Frances is not solely that of a direction to divide and pay over; there is affirmative language of present gift to them. The direction to divide is only incidental to the gift and is a natural and appropriate direction in connection with a gift to the members of a class. As to one trust, there is a specific direction that the funds are "to go" to Frances for life and at her death they are to be equally divided among her children. As to the other trust, the provision disposing of the corpus upon the death of Carrie begins with the expression "I give and bequeath [the property] absolutely and in fee simple" and then it continues, "to be divided share and share alike" among the children of Carrie, if she leaves any, or, in the event of failure of issue, to be divided share and share alike among the children of Frances. The provision giving and bequeathing the property absolutely and in fee simple is applicable to the substituted gift to the children of Frances as well as to the initial gift to the children, if any, of Carrie.

There is also an argument in the appellants' brief that the testatrix, by the use of the word "children", indicated an intention to limit the class to the first generation of the issue of Frances and they cite the cases holding that a gift to children does not include grandchildren (e.g., *Pimel* v. *Betjemann,* 183 N. Y. 194). This is beside the point, because there is no claim here that the grandchildren of Frances are entitled to take directly under the will. The class of remaindermen is, of course, limited to the children of Frances. Under the construction correctly adopted by the Surrogate, the children of deceased children of Frances take by inheritance, bequest or devise from their parents, and not directly from the testatrix.

The decree appealed from should be affirmed, with costs payable out of the estate to each of the parties filing a brief.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Decree affirmed, with costs payable out of the estate to each of the parties filing a brief.