Maxuvttltan Moss, S.
As an incident to judicial settlement of its final account the trustee requests a construction of the will to determine the persons to whom the remainder of a trust *1061 created thereunder is payable. The will directs that upon the death of the life beneficiary the trustee “ pay over all that remains in my residuary estate to ” three named nephews “ and in case of the death of any one of my said nephews the children of said nephews are to receive the father’s share.” All the said nephews survived testatrix, all predeceased the life beneficiary, two childless and the third leaving children surviving him and the life beneficiary. The said children claim they are entitled to the entire fund relying on the so-called “ divide and pay over ’ ’ rule and insisting that thereby testatrix made a gift to a class determinable at the time of death of the life beneficiary. Intestate distributees take the position that testatrix did not provide for the precise contingency which has occurred and consequently two thirds of the trust passes as intestate property. The estates of the childless nephews assert that the remainders vested in the named nephews on testatrix’ death and their shares are now payable to them.
“ A remainder gift to named remaindermen in existence at the date of a testator’s death imports immediate vesting” (Matter of Ablett, 3 N Y 2d 261, 271). As a rule of construction the “ divide and pay over ” rule is not applied when payment to named beneficiaries is postponed only to let in an intermediate estate or Avhen the gift is of the residuary estate and its application Avould result in partial intestacy (Matter of Montgomery, 258 App. Div. 64, affd. 282 N. Y. 713; Matter of Banker, 223 App. Div. 496, affd. 248 N. Y. 596; Matter of Hallock, 283 App. Div. 1091, affd. 309 N. Y. 994; Matter of Crane, 164 N. Y. 71; Matter of Staats, 272 App. Div. 139, affd. 297 N. Y. 648; Matter of Sweazey, 2 A D 2d 292; Fulton Trust Co. v. Phillips, 218 N. Y. 573; Matter of Watson, 262 N. Y. 284).
If testatrix had stopped after naming her nephews as remaindermen, there could be no question that the shares of each were indefcasibly vested. However she went on to say, “in case of the death of any one of my said nephews the children of said nephew are to receive the father’s share.” The language employed by testatrix created a substitutional gift in favor of the children of a named nephew in the event of his death during the lifetime of the life beneficiary (Marsh v. Consumers Park Brewing Co., 220 N. Y. 205; Lyons v. Ostrander, 167 N. Y. 135; Matter of Bigelow, 285 App. Div. 1072, affd. 309 N. Y. 884; Matter of Elting, 268 App. Div. 74, affd. 294 N. Y. 941; Matter of Immoor, 142 N. Y. S. 2d 795). The share of each of the named remaindermen vested in them at the time of testatrix’ death subject to divestment in the event — and only in the event — *1062 specified, viz., his death survived by a child or children prior to the death of the life beneficiary. A construction which renders a vested remainder defeasible will be restricted to the exact circumstances specified (Matter of Campbell, 307 N. Y. 29, 33).
Accordingly, distribution of the remainder is directed to he made one third to the personal representatives of each of the two named nephews who left no children surviving them and one third to the children of the named nephew who did leave children surviving him.
Settle decree on notice.