Francis X. Tucker, S.
This proceeding is one for a judicial settlement of the final account of the Kingston Trust Company as the surviving trustee under the last will and testament of Anna F. Clearwater, deceased. In connection with the final account the trustee requests a construction of the last will and testament of Anna F. Clearwater in respect to the disposition of the remainder of the trust created for Ralph Davis Clear-water. Article 15 of the will provided for $40,000 to be held by the trustee for Ralph Davis Clearwater, brother-in-law of the testatrix, the income of which trust was to be paid to him for his life. The remainder was disposed of by the following pro *233 vision: ‘1 upon the death of the (income beneficiary) * * * I direct my said trustees to treat the balance of said trust fund then remaining in their hands as a part of my residuary estate, and distribute the same pursuant to the provisions of the residuary clause of this my last Will and Testament.”
Article 18 provided: ‘ ‘ I give, devise and bequeath all the rest, residue and remainder of my property and estate, both real and personal, of whatsoever kind and wheresoever situated, to Thomas Hoffman Clearwater.”
Thomas Hoffman Clearwater was the son of Ealph Davis Clearwater and a nephew by marriage to the testatrix. He died a resident of Westchester County, New York in 1950 leaving a will under which all of his property passed to his widow, Thelma B. Clearwater, who was named his executrix and who is one of the respondents herein. Ealph Davis Clearwater died a resident of the City of Kingston, Ulster County, New York on May 19,1959. Thus the trust terminated.
The only distributee of the testatrix at the time of her death in 1937 was a cousin, Annie Brinkwater, who died in 1940 leaving as her only issue her daughter, the respondent, Nell B. Klein. The question is does the remainder of the trust pass under the residuary clause of the will or to the distributee as intestate property. This issue depends upon the vesting of the future estate at the time of the death of the testatrix. Section 40 of the Eeal Property Law provides: “A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain.”
This rule applies to interests in personalty. (Stringer v. Young, 191 N. Y. 157 [1908]; Matter of Weaver, 253 App. Div. 24 [1937], affd. 278 N. Y. 605 [1938].)
The law favors the early vesting of estates unless a contrary intention is unequivocally expressed. (Matter of Bolton, 257 App. Div. 760 [1939], affd. 282 N. Y. 728; Matter of Watson, 262 N. Y. 284, 300 [1933]; Matter of Ablett, 3 N Y 2d 261, 271 [1957].)
The legal representative of a person having a vested remainder will take even though the remainderman fails to survive the termination of the trust. (Fulton Trust Co. v. Phillips, 218 N. Y. 573 [1916]; Connelly v. O’Brien, 166 N. Y. 406 [1901]; Matter of Hyde, 282 App. Div. 1100 [1953]; Matter of Elting, 268 App. Div. 74 [1944], affd. 294 N. Y. 941 [1945].)
*234 The respondent, Thelma, B. Clearwater has cited Matter of Be Beixedon (110 N. Y. S. 2d 534 [1952]). -
On the authority of this ease and the other cases, cited, herein, I find that the .remainder of the trust vested in the residuary legatee, Thomas Hoffman Clearwater, on the death of the testatrix. This interest became indefensibly - vested and the income beneficiary having died it is payable to the estate of the deceased residuary legatee.
The trustee is directed to pay over to the legal representative of Thomas H. Clearwater the balance of the principal and income as shown in its final account, subject to such deductions and allowances as the Surrogate may make upon application.