Maximilian Moss, S.
Testatrix gave her residuary estate to her trustee to collect the income and pay it to her grandson during his lifetime. Upon his death, unmarried and without issue, she disposed of the remainder of the trust in paragraph “ fifth ” of the will which, insofar as pertinent, reads: “ I give, devise and bequeath * * * to Susan Kirk Two thousand five hundred dollars, to Anna Kirk Two thousand five hundred dollars * * *. The rest residue and remainder of my estate I give devise and bequeath * * * to Martha Miller, Annie Miller and Mary Miller, share and share alike and to their heirs.”
All the named persons survived testatrix and all predeceased the life beneficiary of the trust. The trustee requests a determination (1) whether the legacy of $2,500 each was vested in Anna Kirk and Susan Kirk, and (2) to whom the remainder' of the trust is payable.
Inasmuch as Anna Kirk and Susan Kirk both survived testatrix and there is no substitutional disposition of the gifts to them, the court holds that the said gifts vested indefeasibly in Anna Kirk and in Susan Kirk. The sum of $2,500 is therefore to be paid to each of their personal representatives. The will is so construed as to the said legatees.
In disposing of the balance of the trust testatrix employed the words “give devise and bequeath ”, specifically naming three persons “ and to their heirs.” Did testatrix intend to create indefeasible vested remainders of the trust in the three named persons, or by the words “ and to their heirs ” did she intend a gift to the heirs of each of them who died before the termination of the trust?
“ A remainder gift to named remaindermen in existence at the date of a testator’s death imports immediate vesting” (Matter of Ablett, 3 N Y 2d 261, 271 ; Matter of Cummings, 11 Misc 2d 1060, 1061, and cases cited therein). There is no language in the will other than “ to their heirs ” which might be construed to indicate an intention to make a substitutionary gift in the event the named legatees did not survive the life beneficiary. In these circumstances, these are to he deemed *296 words of limitation and not words of substitution or purchase and the gift is absolute (Matter of Tamargo, 220 N. Y. 225, 229). The court holds that the gift of the remainder of the trust vested absolutely on testatrix’ death in Martha Miller, Annie Miller and Mary Miller, share and share alike, and the remainder is to be paid to their personal representatives in equal shares. The will is so construed.