Nathan R. Sobel, S.
This construction proceeding raises what has become the most frequently recurring issue in the law of future estates: whether a remainderman whose right to possession is postponed to let in an intervening life estate must survive the life beneficiary in order to take the principal of the fund.
A recent decision of this court dealt with a named remainder-man (Matter of Young, 62 Misc 2d 86). In this case the gift of the remainder is to a class.
Unhappily, testators (or their draftsmen) do not make their intention clear. The primary fault is the failure to express whether a condition of survivorship is intended to be imposed. A second fault is the failure to provide for ultimate indefeasible vesting at some point along the line. As a consequence courts are compelled to indulge in futile talk of testator’s intent when it is improbable that he had thought about the matter at all; or to utilize constructional preferences to determine what he would have intended if he had thought about it. The end result is wasteful litigation which can only be avoided if draftsmen specify whether, and if so until what time survival is required; and, if required, make alternate provision for final indefeasible vesting.
The draftsman in this case had near success. As will be seen, he specified a survival requirement along the line but did not make clear his provision for final vesting.
Mary Bogart died in 1911 leaving a will executed in 1906. She left surviving a daughter, Johanna Yanderveer, for whom her will created a residuary life estate. The will also provided a life estate for her husband, upon whose death in 1925 the principal sum poured over into Johanna’s residuary life estate. Johanna lived far beyond expectancy, surviving the remainder-men. This unanticipated longevity always creates the problem.
When Mrs. Bogart’s will was drawn in 1906 Johanna was as yet her only child. . None other was born before Mrs. Bogart died in 1911.
*116 Johanna died without issue.
This is what Mrs. Bogart provided with respect to the remainder interest of what turned out to be a single life estate for Johanna.
“ ninth. In case any of my said children shall die without leaving any issue or the descendants thereof, him or her surviving, then in that event, I give, devise and bequeath the share hereinbefore given to such child so dying to the issue of my surviving children living at the time of the death of the child so dying, and in case all of my said children shall die without leaving lawful issue or the descendants thereof, then I give devise and bequeath my said residuary estate to the children of my brother Peter L. Yanderveer and of my sister Ida A. Ryerson.
“ To Have and To Hold the same to them, their heirs, Executors, Administrators and Assigns forever share and share alike per capita and not per stirpes. ’ ’
Johanna having died without “issue” or “ descendants ”, we are solely concerned with the class disposition of the remainder to the “ children of my brother Peter L. Yanderveer and of my sister Ida A. Ryerson ’ ’.
Both Peter and Ida predeceased testatrix. This is significant only as it establishes that the class of “ children ” was closed when Mrs. Bogart died; it could hot reopen to admit others. It is not at all significant (as mentioned in the briefs) under the anti-lapse statute (Decedent Estate Law, § 29, now EPTL 3-3.3). This provision is applicable to the class of brothers and sisters of testatrix but the disposition here was to their children, nephews and nieces of testatrix, a class not included in the statute.
Peter and Ida each left two “ children ” surviving Mrs. Bogart. These four were the “ class ” remaindermen. All four however predeceased the life tenant, Johanna. Were such children required to .survive the life tenant in order to take their shares of the remainder?
On the Peter side of the family there were no grandchildren; on the Ida side there are five grandchildren and one great-grandchild who survived Johanna. The six are respondents whose contentions are discussed mfra. Also respondents are the estates of the two “ children ” of Peter.
The petitioner is the administrator c. t. a. of the Bogart estate by virtue of his office as executor of Johanna’s estate. He is also the principal legatee under Johanna’s will. Petitioner contends that the four “children” of Peter and Ida were required to survive Johanna; and, since they did not, the remain *117 der passes in intestacy to Mrs. Bogart’s next of kin. In 1911, when Mr.s. Bogart died, Johanna was her sole next of kin. (A surviving husband was not next of kin in 1911; Code Civ. Pro., § 2732, later Decedent Estate Law, § 98.)
The immediate construction issue is whether the named class of remaindermen “ children of my brother Peter L. Vanderveer and of my sister Ida A. Byers on ” were required to survive J ohanna.
The legal question should be put this way — “ Is there within the provisions of the will an express or implied condition of survival?
Most frequently, courts discuss the same question in terms of whether the named class of remaindermen took a vested interest subject to be divested upon a contingency which did not occur (in this case the death of Johanna leaving descendants). If vested, it is then reasoned their remainder interests would be descendible via their respective estates despite their failure to- survive the life tenant. (See, e.g., Matter of Krooss, 302 N. Y. 424; Matter of Campbell, 307 N. Y. 29.) There is nothing wrong in every case with such an approach, particularly since our statutes classify future estates as “vested ” (EPTL 6-4.7 to 6-4.9) or subject to a condition precedent (EPTL 6-4.10), i.e., a “ contingent ” interest. Both kinds are descendible, devisable and alienable ” (EPTL 6-5.1; Matter of Sweazey, 2 AD 2d 292).
Commentators however have criticized a tendency of the courts to confuse the issues of vesting and that of survival requirements. (See 2 Simes and Smith, The Law of Future Interests, § 652; Halbach, Future Interests: Express or Implied Conditions of Survival, 49 Cal. L. Bev. 431, 433 et seq.; Bestatement, Property, § 261.) Their reason: it -is possible to have a vested interest subject to a condition of survival; and also possible to have a “ contingent ” interest (made such by a condition precedent) not subject to a condition of survival. Under our .statutes, cited supra, it is possible to classify the instant estate as vested on testatrix’ death in the children of Peter and Ida subject to complete defeasance should Johanna die leaving issue or descendants. It is also possible to classify this estate as “ contingent ”, i.e., creating alternative contingent remainders first to the issue or descendants of Johanna if any survived her; and if not then to the children of Peter and Ida. In either case, however, the will could also impose with respect to the latter an express or implied condition of survival.
This is therefore a case where the affixing of labels or a determination of vesting should be avoided and the issue discussed *118 solely on whether there is contained in the will an express or implied condition of survival.
We first examine the article under construction to find ‘1 words of survivorship ”. (Matter of Larkin, 9 N Y 2d 88; Matter of Gulbenkiam, 9 N Y 2d. 363.) In the absence of evidence of intention to impose such a requirement, the constructional preference for early vesting and indefeasibility applies — and, with particular force where the disposition is of a residue or remainder interest. With respect to such an interest a condition of survival will not be imputed unless unequivocally expressed.
Only because mentioned in the briefs, tw!o opposing contentions in the above regard are briefly discussed.
The petitioner contends that the word ‘ ‘ then ’ ’ in the article connotes futurity and an intention to impose survival. As used there, an adverb of time like “ then ” (also “ when “ after ”, “ from ”) preceding the disposition of a remainder limited upon a preceding life estate merely indicates the time when possession is to begin; it does not impose a condition of survival nor prevent earlier vesting (Connelly v. O’Brien, 166 N. Y. 406; Roosa v. Harrington, 171 N. Y. 341; Matter of United States Trust Co. [Hoyt], 179 App. Div. 923, affd. 223 N. Y. 617; see, also, 2 Davids, New York Law of Wills, § 955).
One of the respondents notes in his brief the factor that testatrix (or her draftsman) knew how to impose a condition of survival. With respect to the ‘ ‘ issue ” or “ descendants ’ ’ of Johanna the article under .construction does require that they ‘ ‘ be living at the time of the death of the [life tenant] ’ ’. It is argued that testatrix demonstrated her ability to express a condition of survival and that the omission of such a condition as to the “ children ” of Peter and Ida establishes an intention not to .require survival. This case requires no such unpersuasive support. It could just as well be argued that imposing a condition of survival on one class of remaindermen requires by implication the imposition of the same condition on other remaindermen (Fulton Trust Co. v. Phillips, 218 N. Y. 573, 581; Healy v. Empire Trust Co., 276 App. Div. 305, affd. 301 N. Y. 620).
The conclusion is unavoidable that this will contains no express condition of survival.
Petitioner does not contend that there is in the will an express condition of survival. He contends, however, that a condition of survival should be implied. Eliminating those heretofore discussed, his basic contention is that a condition of survival should be implied solely from the factor that the remainder *119 disposition is to a class — a class of “ children ’ ’ of testatrix’ brother and sister.
Before discussing specific cases, it is appropriate to mention briefly .some broad generalities applicable to such a contention.
1. When the remaindermen are named individuals as distinguished from a class, there exists a strong presumption against a condition of .survival — so strong as to he almost irrebuttable in the absence of an express requirement of survival. This is so because of the uniformly recognized preference for early vesting and indefeasibility (Restatement, Property, § 243, Comments i and j) and the preference against intestacy (or more accurately for complete disposition). It is .reasoned that when a testator leaves a remainder interest to a named individual, unless he has specified survival or made a substitutionary direction, he has anticipated that the named individual would survive to take possession. Since the named individual did not survive, the constructional preferences are applied to determine what testator would have done if he had thought about that possibility. From such preferences, it is concluded that testator had no objection to allowing the named remainderman to himself decide by will or intestacy who should take the disposition if he did not survive to take possession. For this is precisely what would happen if in fact he had survived to receive actual possession. This is the same reasoning which justifies anti-lapse statutes (EPTL 3-3.3).
2. "When the remaindermen are a class of “ children ” (or “ grandchildren ”, “brothers”, “sisters”, “nephews”, “nieces”) whether of testator or the life tenant or even a stranger, the same rules and reasons apply as with named remaindermen. The testator of course could have named the individuals in the class instead of applying the class designation. Most frequently, the .reason for not naming the individual members of the class, is to permit the class to remain “ open ” to admit others up to the time of actual possession. But the factor that “ children ” were not named or that the class might open does not alter the effect of application of the constructional preferences that testator, if he had thought about the possibility that the “ children” might not survive to possession, would have preferred to allow the remainder interest to pass through their estates. As the Restatement, Property puts it: — “From the fact that a class can increase in membership until a certain future date, no inference should be made that only such members of the class as survive to such future date become distributees ” (§ 296, subd. [2] and see Comment j). *120 See, also, the very excellent discussion of this issue by the late Justice Halpern in Matter of Sweazey (2 A D 2d 292, 296, supra). It should be added however, that with respect to class gifts to ‘ ‘ children ’ ’ etc,, unlike gifts to named individuals, the presumption against a condition of survival is strong but not virtually irrebuttable. The will may be examined to determine whether from other provisions the class designation imports a condition of survival.
3. When the remaindermen are a class of “issue”, “ descendants ”, “next of kin” or “heirs”, a different rule applies. There exists a strong preference for equality in lines of descent. Whereas the class of “children”, “brothers”, “nephews ” etc., are of the same degree of consanguinity to the named ancestor, ‘1 issue ’ ’ etc., may be of different degrees. Testatrix by using a term which includes more than one generation has indicated that his intention has extended beyond a first generation. The use therefore of such terms as ‘‘ issue ’ ’, “descendants ”, etc., standing alone, imports futurity. When the reference is to issue etc. of the life tenant obviously these ordinarily cannot be determined until the latter’s death.
Under such circumstances the presumption is strong that potential takers are required to survive until the death of the life tenant (Restatement, Property, § 249; 2 Powell, Real Property, par. 327). The reason: the consequences of dropping out a deceased member by implying a condition of survival is not drastic particularly if that member has issue or descendants to take his place. A rule contra would be manifestly unjust — a spouse or a legatee outside the class of ‘ ‘ issue ’ ’ could take in preference to children and grandchildren (Simes and Smith, The Law of Future Interests, §§ 146, 579).
Apart from such general rules, the cases support á conclusion that disposition of a remainder interest to a class of “ children ” of any ancestor does not import an implied condition of survival. In this case in the absence of either an express or implied condition of survival and in the absence of a substitutionary disposition “ the children of my brother Peter L. Wander veer and of my sister Ida A. Ryerson ’ ’ are entitled to the remainders. It does not matter that they predeceased the life tenant. Their one-quarter shares will be paid to each of their estates.
Case uniformly support this conclusion.
One such case is virtually identical (Matter of Elting, 268 App. Div. 74, affd. 294 N. Y. 941 [“ children ” of nephew and niece]). Others reach the same conclusion on substantially similar facts (Matter of Brown, 154 N. Y. 313 [“ grandchil *121 dren”]; Fulton Trust Co. v. Phillips, 218 N. Y. 573 [‘ ‘ children ”]; Byrnes v. Stilwell, 103 N. Y. 453 [“ children ”]; Matter of Sweazey, 2 A D 2d 292, supra [“children”]; Matter of Blydenburgh, 24 Misc 2d 896 [“grandchildren”]; cf. Matter of Astor, 5 Misc 2d 722, affd. 5 A D 2d 940, lv. to app. den. 4 N Y 2d 677 [“issue”]).
Cases cited by petitioner are clearly distinguishable. In these the “divide and pay over” rule has been applied (Matter of Crane, 164 N. Y. 71; Matter of Pulis, 220 N. Y. 196). The substance of the divide and pay over rule is that when the only words of gift are found in a direction to divide or pay at a future time, the use of such words imports a condition of survival. The rule has been much criticized. (See Matter of Sweazey, 2 A D 2d 292, 297 supra.) There are exceptions to the rule and one of the exceptions applies to this case. As expressly noted in the leading “ divide and pay over ” case, Matter of Crane (supra, p. 76): “If the postponement of the payment is for ,the purpose of letting in an intermediate estate, then the interest .shall be deemed vested at the death of the testator and the class of legatees is to be determined as of that date, for futurity is not annexed to the substance of the gift ’ ’. In this case there is no “ divide and pay over ’ ’ direction. Mrs. Bogart’s direction in the clause under construction was direct and immediate — “I give devise and bequeath my said residuary estate to the children ”, etc. But even if this were a divide and pay over direction, it would not connote futurity under the exception mentioned.
There remains for consideration the contention of one group of respondents that the word “ children ” include “ grandchildren ’ ’. As heretofore noted the ‘ ‘ named ’ ’ remaindermen were the children of Peter and Ida. Each had two children, all four of whom predeceased the life .tenant. The Peter branch had no grandchildren while the Ida branch has five grandchildren and a sixth great-grandchild. If the term “ children” is held to include grandchildren (and necessarily then also great-grandchildren) the share of these grandchildren would be larger than if they take only through their parents’ estates.
In short, these respondents contend that Mrs. Bogart used the term “children” of Peter and Ida to mean “issue”. Grandchildren would then be entitled to take as alternative or substitutionary takers when their parents predeceased the life tenant.
The Court of Appeals divided on a substantially similar contention in what is now the leading case on the subject, Matter of Villalonga (6 N Y 2d 477). .All prior cases are discussed. *122 It concluded (p. 484): “ ‘ Children ’ means immediate offspring, and we reiterate the rule of the Schaufele case [252 N. Y. 65, 67] that it will never be held to include grandchildren 1 unless the will as a whole shows that unmistakable intent Only by so holding will there be the stability and consistency so essential to the law of wills if it is to accomplish its function ’ ’. There is nothing in the instant case to warrant a conclusion different from the majority in Villalonga. Surely no substitutionary gift to grandchildren was intended by the use of the term 11 heirs ’ ’ etc. in the clause under construction. These are words of limitation to show the absolute nature of the gift — not words of purchase (Matter of Tamargo, 220 N. Y. 225, 229; Matter of Wells, 113 N. Y. 396; Matter of Denari, 165 Misc. 450; EPTL 2-1.4, formerly in Real Property Law, § 240).
The estates of the four deceased ‘ ‘ children ’ ’ are entitled to the remainders. They are the sole parties who may object to the account. However, the attorneys for the grandchildren and great-grandchild, since their clients are beneficially interested, may participate in the discussions and be present at the trial but not as parties. Settle decree.