Nathan B. Sobel, S.
Mrs. Ellen H. Bowen died in 1903. By her will dated December 22, 1902, she created a trust of her residuary estate for the life benefit of her granddaughter Pauline *44 H. Bowen (now Essaye). Pauline H. Bowen Essaye died on November 3, 1971. The successor trustee, Chemical Bank, requests construction of paragraph Fourth of the will insofar as it disposes of the remainder interest of the trust. In pertinent part that paragraph provides: ‘ upon the death of the said Pauline H. Bowen * * * the principal of said trust estate be paid * * * to my sister, Marian C. Mathewson, and my brother, George C. Holt, in equal shares, or if either of them shall not then be living, to their respective heirs and next of kin by representation. ” (Italics added).
Both primary remaindermen died prior to the life income beneficiary, Marian Mathewson in 1905 and George Holt in 1931. The trustee asks whether the heirs and next of kin by representation are to be determined as of the date of death of the primary remaindermen (1905 and 1931) or as of the date of death of Pauline H. Bowqn Essaye (1971).
As the underscored provisions of paragraph Fourth (above) indicate, Mrs. Bowen expressly directed that the primary remaindermen, Marian and George, were to take only if they were “then” living* at the date of Pauline’s death. She used the-word “ then ”' to connote futurity and not to provide when the time of possession was to begin (cf. Connelly v. O’Brien, 166 N. Y. 406; Matter of United States Trust Co. [Hoyt], 179 App. Div. 923, affd. 223 N. Y. 617).
However, she made no such express direction with respect to the substitutional remaindermen, viz. ‘ ‘ their [Marian and George] respective heirs and next kin. ”
We do not hold that the inclusion of an express requirement of survivorship for the primary remainderman implies a similar condition of survivorship for the substitutional remaindermen. It could as reasonably be argued that testratrix having demonstrated her ability to express a condition of survivorship, the omission of such a condition indicates an intention not to impose the same requirement for the substitutional remaindermen.
We do, however, find a condition of survivorship with respect to the latter class by utilizing generally accepted constructional preferences. These are not rules of substantive law but merely rules of construction useful as a guide to the interpretation of ambiguous directions in wills. (Matter of Young, 62 Misc 2d 86, 89.)
In Matter of Bogart (62 Misc 2d 114) this court discussed at some length the rules of construction to be applied when determining whether an ambiguous direction requires a remainder-man to survive the life beneficiary in order to take. The con *45 elusions are stated here — the reasoning requiring such conclusions are fully discussed in Bogart (supra, pp. 119-120).
1. When the remaindermen are named individuals (as distinguished from a class) there is a strong, virtually irrebuttable, presumption against a condition of survival. In the absence of an express requirement of survival, the estates of the named remaindermen who predecease the life beneficiary will take.
2. When the remaindermen are members of a horizontal class, i.e. a class comprising a single generation (such as “ children ”, “ brothers ”, “ nephews ”, etc.) whether of the testator or the life beneficiary or of a stranger to both, the rule is the same as with named remaindermen. The presumption that they are not required to survive the life tenant is however not quite as strong. (See Matter of Sweazey, 2 A D 2d 292 and cases cited.) It will yield to other evidence in the will or extrinsic of the will to show a contrary intent or implied condition of survival.
3. Where the remaindermen are members of a vertical class, i.e. a class which may comprise more than one generation (such as “ issue “ descendants ”, “ next of kin ” or “ heirs ”), the presumption is the other way, i.e. a presumption that survivor-ship is required arises. Potential takers within the class are required to survive the life beneficiary. The gift to such a class imports futurity since testator has extended his intention beyond a single generation. The consequences of a member of the class dying before the life beneficiary are not drastic since his issue (if any) will take his place. (Restatement, Property, § 249; 2 Powell, Real Property, par. 327; Simes and Smith, Law of Future Interests, §§ 146, 579.)
Applying these constructional rules, the direction to pay ‘ to the respective heirs and next -of kin ’ ’ of Marian and George is within vertical class (3). Futurity is connoted and such a direction, absent evidence to the contrary, requires that such a class of substitutional remaindermen must survive the life beneficiary in order to take. This conclusion finds support in cases discussing quite similar directions. (Matter of Sayre, 1A D 2d 475, affd. 2 N Y 2d 929; Matter of Hylin, 30- N Y 2d 805, affg. 38 A D 2d 704; Matter of Potter, 68 Misc 2d 745.)
Although the petitioner’s brief finds evidence of a condition of survival in the use of the term by representation ’, we do not adopt this reasoning. However, the extrinsic evidence does support the conclusion that surviorship was intended. Such evidence establishes that Pauline, the life beneficiary, was 7 years of age when this will was executed in 1902. At that time the primary remaindermen were respectively 65 (Marian) and *46 59 (George). Testatrix did not expect that either would live to enjoy the remainder dispositions. Of the substitutional remaindermen living in 1902, six were of the ages between 20 and 30 and four under the age of 20. The likelihood of their surviving the life beneficiary was not great [none of them did!]. It is hardly likely that testatrix intended that the estates of the substitutional remaindermen who predeceased (with possible dispositions outside the blood line) should take.
No issue is raised with respect to the inclusion of surviving spouses by the use of the terms “ heirs ” and “ next of kin Presumably, neither Marian nor George was survived by a spouse. Even if living, they would not take under this 1902 will. (Matter of Johnson, 26 N Y 2d 858 and cases cited.)
The will is construed to require payment of the remainder interest only to those heirs and next of kin who survived the life beneficiary. Distribution shall be made as set forth in paragraph 12, parts II and IV of the petition. The court approves the stipulation providing for distribution to adoptive children among the class. If not stipulated it would in any event be required by law. (Domestic Relations Law, § 114, now § 117; Matter of Snowden, 31 N Y 2d 322 (decided Nov. 2, 1972, revg. 38 A D 2d 926; Matter of Henderson, 64 Mise 2d 280, 285 [this court].)