OPINION OF THE COURT
Edward M. Horey, S.
The proceeding is one for construction of those provisions in the will of the testator which created (a) a trust for the benefit of one Olive Brahaney, and (b) a trust for the benefit of one Geraldine Brahaney.
OLIVE BRAHANEY TRUST
In the disposition of his residuary estate, the testator directed in clause (d) of paragraph VI that one fifth of his residuary estate be used for the creation of a trust for the *47 benefit of a niece, one Olive Brahaney. As to this trust, the trustee was directed to pay to Olive Brahaney the net annual income. Such payment of annual income was to continue during the term of Olive’s natural life.
Upon the death of Olive Brahaney, the testator directed that the trust created for her benefit, in the first instance, was to continue. It was to continue for the benefit of three of testator’s nephews and one of testator’s nieces. They were, respectively: George Brahaney, Francis T. Brahaney, Raymond R. Brahaney and Geraldine Brahaney.
Under the terms of the trust, it was directed that the trustee make payments of net annual income after the death of Olive to these four individuals as follows: “to my nephews * * * and my niece * * * or the survivor or survivors of them in equal shares”.
Provision for termination of the trust was to occur upon the death of both Olive Brahaney and the death of the youngest child of George Brahaney that was living at the time of testator’s death. When the death of the last of these two individuals occurred, the testatory directed the trustee “to pay over and deliver the principal of said trust, together with any interest or income then in the hands of the trustee, to my nephews, George Brahaney, Francis T. Brahaney, Raymond R. Brahaney and my niece, Geraldine Brahaney, or the survivor or survivors of them in equal shares”.
In summary then, the Olive Brahaney trust was to be measured by two lives, viz.: (1) the life of Olive Brahaney, and (2) the life of the youngest child of George Brahaney living at the time the testator died. It is agreed that such youngest child was one Francis Leo Brahaney. Henceforward he shall be referred to as the second measuring life.
The trust was created and all income was paid to Olive Brahaney until her death on March 28, 1974. At the time of Olive’s death, three of the four named successor income beneficiaries were already dead — George Brahaney having died on May 28,1951, Francis T. Brahaney having died on January 16, 1972 and Geraldine Brahaney having died March 28, 1973. Only Raymond Brahaney survived the death of Olive.
*48 As the survivor of the four successor income beneficiaries, Raymond was paid the entire net income from the trust until his death on July 23, 1975. Francis. Leo Brahaney, as the second measuring life of the trust, is alive.
This court is asked to determine by appropriate construction the disposition of (a) the income accruing from the, Olive Brahaney trust and (b) the disposition of the principal of that trust.
Because different considerations may attach and apply, the court divides its analysis into two parts, to wit: (1) an analysis of provision referable to income and (2) an analysis of provision referable to principal.
In analyzing the provisions of the trust as to income, it appears clear to this court that no one of the four successor life beneficiaries was to receive any income during the lifetime of Olive. She was the sole single beneficiary of income during her lifetime. Thus, survival of Olive was a condition imposed upon the right of any successor beneficiary to participate in income.
It is equally clear to this court that after the death of Olive, survival of each of the four successor beneficiaries during the lifetime of Francis Leo, was also a condition for participation in income. Death during the lifetime of Francis Leo would work a forfeiture of the right to share in income. The court finds this to be the express direction of the testator contained in the trust provision which directed payment of income after the death of Olive to the three named nephews and one named niece “or to the survivor or survivors of them in equal shares”. (Italics added.) Clearly, if any one of the four successor beneficiaries died during the lifetime of the second measuring life of the trust (i.e., during the life of Francis Leo), income thereafter would be paid equally to the remaining beneficiaries as “survivors”. If, as did occur, only one of the four successor beneficiaries was alive during the lifetime of the second measuring life (i.e., during the life of Francis Leo) then, in that event, all income would be payable to that one beneficiary as the “survivor” of the four named.
It appears that Raymond was the sole survivor. As such he was paid all income from the trust until his death. From *49 all that appears, such payment was made to Raymond without objection from any personal representative, heir or distributee of the estate of any of the three successor beneficiaries who had predeceased Raymond.
Concerning income, the most important note to be made is that in the trust in issue there was an unequivocal express requirement of survival of the four successor beneficiaries during the measuring lives to participate in income. That feature distinguishes the instant case from a host of alleged precedential cases cited to the court in the briefs of the several claimants. (See 7B Warren’s Heaton, Surrogates’ Courts, § 77, par 4 [c].)
Turning to the disposition of the principal of the trust, no one can or does dispute the fact that there was to be no distribution of principal during the lifetime of Olive Brahaney. While she lived she received all income from a corpus which was to remain intact.
After the death of Olive Brahaney, the trust was to continue without payment of principal unless Francis Leo, the second measuring life, had predeceased Olive. If that event had occurred, it is clear that the direction of the trust was that payment of principal, together with any unpaid income, was to be paid over “to my nephews, George Brahaney, Francis T. Brahaney, Raymond R. Brahaney and my niece, Geraldine Brahaney, or the survivor or survivors of them in equal shares”.
The troublesome provision in the trust is the direction there for the payment of principal if Francis Leo, as the second measuring life, survived Olive, the first measuring life and later died. We have already discussed the provision for payment of income in that eventuality.
Critical to this construction proceeding is the question: what is to happen to the principal now that Francis Leo, the second measuring life, continues to live and the remaindermen are dead?
Clearly the trust provisions state-that the distribution in that instance will be the same as if the second measuring life had predeceased the first measuring life. There is only one direction for distribution and that is to occur “upon the death of both my niece, Olive Brahaney, and the youngest *50 child of my nephew, George Brahaney, living at the time of my [testator’s] death”. (Italics added.)
Most significantly, the single direction for payment of principal was to be “to my nephews, George Brahaney, Francis T. Brahaney, Raymond R. Brahaney, and my niece, Geraldine Brahaney, or the survivor or survivors of them in equal shares” (italics added).
On its face, the provision made for the payment of principal to the four successor beneficiaries was identical to those for the payment of income to them. In each instance there was an unequivocal express requirement of survival of the four successor beneficiaries during both measuring lives to participate in either income or principal.
As to income, it has been noted that the testator clearly anticipated the possibility that not all of the four successor beneficiaries would participate in the income because he specifically provided for payment to the “survivors” of the four successor beneficiaries, or the sole “survivor” of them.
By the employment of provisions for payment to “survivors” or “survivor” it is equally clear to this court that the testator clearly anticipated that all four named beneficiaries might not share in the distribution of principal. At the same time, it is equally clear that the testator envisioned that at least one of the four successor beneficiaries as the “survivor” would participate in the distribution of principal. Regrettably, he made no provision for payment after the four successor beneficiaries had been reduced to one survivor. The court is satisfied that the testator never envisioned the possibility that all four successor beneficiaries would predecease both Olive and Francis Leo, both of whose lives measure the duration of the trust.
Briefs have been submitted by the attorney for the trustee and by attorneys for representatives of each of the four successor beneficiaries. Research by those five attorneys and by this court have failed to disclose any prior determination which is factually analogous. The provision for payment to survivor or survivors makes the case unique and one of first impression.
It is conceded that a substantial argument can be made that having failed to foresee the possibility that all of the *51 four named successor beneficiaries would wither and die while the trust continued, that the proper disposition should be to direct that the accumulated income and principal pass as intestate property in the estate of the testator. (See excellent argument in Matter of McCabe, 197 Misc 851, 854, and cases there cited [Frankenthaler, S.].) However, this court does not agree that such a result is either the best or the proper result in the instant case.
The determination is made that accumulated income and principal of the Olive Brahaney trust is to be considered as an asset of the estate of Raymond Brahaney, the survivor of the four successor beneficiaries, and is to pass under the terms of his will.
In support of the decision reached, this court notes that in the instant case it could be said that the interest of Raymond Brahaney was vested subject to divestment if he was not one of the survivors of the four successor beneficiaries. It could equally well be said that his interest was contingent on being one of the survivors of the four successor beneficiaries. A criticism that judicial attempts to classify future estates were “vested” or “contingent” leads to confusing the issues of vesting and survival, recited in 7B Warren’s Heaton, Surrogates’ Courts (§ 77, par 4 [c]), is particularly applicable here. The instant case, as was Matter of Bogart (62 Misc 2d 114, 117-118 [Sobel, S.]), is “a case where the affixing of labels or a determination of vesting should be avoided and the issue discussed solely on whether there is contained in the will an express or implied condition of survival.” “What determines whether survivorship is a limitation on a devise or bequest and thus, prevents indefeasible vesting, is the terms of the will which created it * * * However, it is not the language of an individual bequest or a devise that determines the matter. The will must be read ‘as an entirety’ to make the determination. (Matter of Larkin, 9 NY2d 88, 91; Matter of Gulbenkian, 9 NY2d 363, 370; Matter of Bogart, 62 Misc 2d 114, supra.)” (Matter of Akins, 88 Misc 2d 948, 951.)
Testing the instant will by the cited test, it is conceded that there is no provision contained there that expressly provides that Raymond Brahaney need not survive both the measuring lives of the trust. Thus, our consideration *52 must proceed on whether such a requirement is to be found by implication. On this score, there are certain established and recognized aids of construction to assist us.
The first aid is that there exists an established preference against intestacy. (Matter of Dammann, 12 NY2d 500, and host of cases there cited.) This preference becomes even stronger when the residuary estate of a decedent is in issue. Having disposed of all other items of his property under his will, and the instant trust arising out of the attempted disposition of the balance of his property by bequest of his residuary estate, the preference is applicable to the case at bar.
Secondly, there is applicable here a rule of constructional preference. Under this rule it is reasoned that when a testator leaves a remainder interest to an individual, unless he has specified survival or made a substitutionary direction, he has anticipated that the individual would survive to take possession of the bequest. Since the individual did not survive, constructional preferences are applied to determine what the testator would have done if he had thought about that possibility. From such preference, it is concluded that a testator had no objection to allowing the remainderman to himself decide by will or intestacy who should take the disposition if he, the remainderman, did not survive to take possession. For this is precisely what would happen if in fact the remainderman had survived to receive actual possession. This is the same reasoning which justifies antilapse statutes (e.g., EPTL 3-3.3; 7B Warren’s Heaton, Surrogates’ Courts, § 77, par 4 [c]; Matter of Bogart, 62 Misc 2d 114, 119, supra).
While the testator in the case at bar did not envision a particular one of the four successor beneficiaries to be the one who would receive the interest and principal of the trust, he did envision that it might be one of them as the “survivor” of the four. Since, then, he envisioned the possibility that Raymond Brahaney, as one of the four, might be that survivor and thus entitled to the possession of both income and principal with the concomitant right to dispose of it as he saw fit, the application of the rule of constructional preference places the income and property in his estate for disposition under his will.
*53 Thirdly, there is under the law a preference for a construction of the earliest possible indefeasible vesting of future estates. (Restatement, Property, § 243, Comments i, j.) This construction applies with particular force where the disposition in issue is of a residue or a remainder interest. “With respect to such an interest, a condition of survival will hot be imputed unless unequivocally expressed.” (7B Warren’s Heaton, Surrogates’ Courts, § 77, par 4 [c]; Matter of Bogart, 62 Misc 2d 114, supra.) In the instant case we deal with the disposition of a residue and there is no unequivocal expression that Raymond Brahaney had to survive both measuring lives to become indefensibly vested with the interest and principal of the Olive Brahaney trust. It was, however, necessary that he survive the other three successor beneficiaries. When that was accomplished his interest would become indefensibly vested. Indefeasible vesting in the case at bar was not determined by consideration of survival of the measuring lives of the trust alone, it was also determined by survival of the cosuccessor beneficiaries. That is what makes the instant case so novel.
Our conclusion finds additional support when a remainderman is a named individual as distinguished from a class. In the instant will which concededly named, with three others, Raymond Brahaney, he was, nonetheless, designated nominatim as a remainderman. In such instance it has been held that the presumption against requiring his survival of preceding measuring lives is “so strong as to be almost irrebuttable in the absence of an express requirement of survival.” (See excellent discussion by Surrogate Sobel in Matter of Bogart, 62 Misc 2d 114, 119, supra.)
A sympathetic reading of the will discloses additional support for the determination reached. Clearly, for all practical purposes, the testator intended to exclude from participation in his estate his nephews William E. Brahaney and Walter Brahaney and his niece, Gertrude Hyman, or their respective issue. His bequests to them of $100, $1 and $500, respectively, in an estate where the final accounting shows assets of $987,097 indicates to this court that he recognized their existence and little more. *54 Certainly the testator did not intend them to be recipients of his munificence. A determination of intestacy as to the Olive Brahaney trust would have the result of making such two nephews and niece equal donees with those nephews and nieces of the testator that he clearly sought to prefer. This would frustrate the discernible intention of the testator. It is that intention that is the first principle in all construction proceedings. That intent we are instructed by our highest court is to be gleaned not from a single word or phrase, but a sympathetic réading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed. (Matter of Fabbri, 2 NY2d 236; to same effect, Matter of Larkin, 9 NY2d 88, supra; Matter of Gulbenkian, 9 NY2d 363, supra; Matter of Bogart, 62 Misc 2d 114, supra; Matter of Akins, 88 Misc 2d 948.)
There, remains only the question of whether the gift of accrued income and principal of the Olive Brahaney trust should be accelerated. Since Francis Leo Brahaney continues to live, the trust continues to exist as it is measured by his life. However, it appears to this court that the primary gift of the testator has failed. Upon the death of Raymond, all parties whom the testator sought to benefit by the trust terminated. There is no longer a contingency which can defeat the interest of the estate of Raymond Brahaney under the decision which as been made. Nor is there any uncertainty as to who will take the trust estate. Raymond Brahaney died testate. The persons who take under his will are known. The assets of the trust should be considered the same as any after-acquired assets and be disposed of under the terms of the will. Except to continue a trustee in office and deny by delay the beneficiaries under Raymond Brahaney’s will, the fruits of their bequests, no other reasons suggest themselves for continuing the trust. Accordingly, it is determined that the gift of accrued income and principal of the trust to the estate of Raymond Brahaney be accelerated. The court finds authority for such determination in 7B Warren’s Heaton, Surrogates’ Courts (§ 78, par 6 [b]), and the several cases there cited, and the review set forth in Matter of Wolfsohn (40 AD2d 273, 276), wherein it was stated: “ ‘The law does not accelerate re *55 mainders except in favor of the same persons who would take them if the intermediate estate, expunged as illegal, had been allowed to run its course.’ ”
In the opinion of the court, the will of Raymond Brahaney fixes with certainty the persons who will take the accrued interest and principal of the trust when it is paid over to the estate. They will be the same designees under the will whether payment is made now or upon the death of Francis Leo Brahaney. In brief, the court finds the facts in the instant case to fall within the exception noted.
Submit decree directing immediate payment by the trustee of all income and principal of the Olive Brahaney trust to the estate of Raymond Brahaney.